2002 ND 204

**GRAND FORKS PROFESSIONAL BASEBALL, INC., a North Dakota Corporation; David C. Thompson, individually; William Coutts, individually; and Jack Geller, individually, Appellants,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

No. 20020093.

Supreme Court of North Dakota.

Dec. 20, 2002.

David C. Thompson (argued) and Emilee O. Harren (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, David C. Thompson, P.C., Grand Forks, N.D., for appellants.

Lawrence E. King (argued), Special Assistant Attorney General, and Lawrence A. Dopson (on brief), Special Assistant Attorney General, Bismarck, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] David Thompson, Jack Geller, and William Coutts, corporate directors and officers of Grand Forks Professional Baseball, Inc., appealed from a judgment of the district court affirming an order of the North Dakota Workers Compensation Bureau holding them personally liable for unpaid corporate worker's compensation insurance premiums. We affirm, concluding the Bureau's assessment of liability against these individuals is in accordance with the law.

I

[¶ 2] Grand Forks Professional Baseball, Inc., was incorporated in September 1995 to acquire and manage a minor league baseball team. The team operated during 1996 and 1997 and was then disbanded.

[¶ 3] Initially, Kenneth Leip was the president and sole owner of the corporation. However, he divested his interest in the corporation in April 1996. At that time, Geller acquired a 17.10% interest, Thompson a 16.06% interest, and Coutts a 5.18% interest in the corporation. By September 1996, these individuals were officers and directors of the corporation.

[¶ 4] The corporation failed to make timely payment of its worker's compensation insurance premiums. The Bureau determined that for the years 1996 and 1997 the corporation owed $34,177.83, with interest and penalties. In August 1998, the Bureau instituted a collection action against the corporation for the unpaid premiums. The Bureau has not, however, pursued that lawsuit, because the corporation ceased functions and is apparently insolvent.

[¶ 5] On August 18, 2000, the Bureau issued corporate officer liability orders against Thompson, Geller, and Coutts to collect the unpaid premiums from them. They requested reconsideration, and a formal hearing was held on the Bureau's assessment. The Bureau entered a final order on June 26, 2001, assessing liability for the unpaid premiums against these individuals, and they appealed to the district court. After a hearing, the court entered a judgment upholding the Bureau's order.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 65–10–01, and 28–32–42. The appeal to this Court is timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

II

[¶ 7] The appellants do not dispute that they were officers and directors of Grand Forks Professional Baseball, Inc., during the relevant period, that the corporation was obligated to pay worker's compensation insurance premiums, or that the Bureau correctly calculated the amount of premiums due. Rather, the appellants argue they are not by statute personally liable for the unpaid corporate premiums, because none of them has a 20% ownership share in the corporation. They argue the Bureau's action against the corporation constituted an election of remedies, precluding the Bureau from suing individual corporate officers or directors. They also argue the Bureau's attempt to hold them personally liable without completing the corporate collection action violated their constitutional right to due process and equal protection.

[¶ 8] Under N.D.C.C. § 28–32–19,[1] the district court must affirm the or-

---

1. We note N.D.C.C. § 28–32–46 adds addi-

tional grounds for not affirming an adminis-

der of the agency unless it finds any of the following:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.

On appeal, this Court under N.D.C.C. § 28–32–21 reviews the judgment of the district court in the same manner.[2] Questions of law, including the interpretation of a statute, are fully reviewable on appeal from a Bureau decision. *Paul v. North Dakota Workers Comp. Bureau*, 2002 ND 96, ¶ 6, 644 N.W.2d 884.

### III

[¶ 9] Thompson, Geller, and Coutts contend a corporate officer or director cannot be held personally liable for a corporation's unpaid worker's compensation premiums under N.D.C.C. § 65–04–26.1(1), unless that individual owns at least 20% of the corporate stock. The statute provides:

An officer or director of a corporation, or manager or governor of a limited liability company, or employee of a corporation or limited liability company

having twenty percent stock ownership who has control of or supervision over the filing of and responsibility for filing premium reports or making payment of premiums or reimbursements under this title and who fails to file the reports or to make payments as required, is personally liable for premiums under this chapter and reimbursement under section 65–05–07.2, including interest, penalties, and costs if the corporation or limited liability company does not pay to the bureau those amounts for which the corporation or limited liability company is liable.

The Bureau argues, and the district court found, this statute is unambiguous and imposes liability upon a corporate officer or director for unpaid premiums irrespective of whether that individual owns corporate stock.

■ [¶ 10] Interpretation of a statute is a question of law fully reviewable by this Court. *Svedberg v. North Dakota Workers Comp. Bureau*, 1999 ND 181, ¶ 8, 599 N.W.2d 323. Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. If a statute is clear and unambiguous, we do not disregard the letter of the statute under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05.

■ [¶ 11] Relevant to this issue, we conclude the statute is unambiguous. The subject entities of the statute are separated by commas, and the coordinating conjunction "or" is used for "introducing an alternative." *Webster's New World Dictionary* 999 (2d College Ed.1978). The

---

trative agency decision, effective August 1, 2001. However, the appeal from the Bureau's decision was filed on July 26, 2001. Therefore, former N.D.C.C. § 28–32–19 applies. *See Henderson v. Dir., North Dakota Dep't of Transp.*, 2002 ND 44, ¶ 6 n. 2, 640 N.W.2d 714.

**2.** We note, this statute has been recodified under N.D.C.C. § 28–32–49, effective August 1, 2001. The prior version of the statute applies because the appeal from the Bureau's decision was filed on July 26, 2001.

phrase "having twenty percent stock ownership" is descriptive of the subject "employee of a corporation or limited liability company," and, by comma placement, clearly is not descriptive of or applicable to the subject "officer or director of a corporation." The statute, therefore, imposes personal liability for unpaid premiums upon officers or directors of a corporation irrespective of their ownership interest in the corporation. It also, however, imposes liability upon an employee of a corporation only if that employee has a 20% stock ownership and has control of or supervision over the filing of premium reports or making payment of premiums and fails to do so.

[¶ 12] Although not necessary to resolution of this issue, the legislative history also demonstrates the appellants' interpretation is without merit. Prior to the amendment of the statute in 1995, personal liability for insurance premiums was generally imposed only against corporate officers and directors who had at least a 20% equity share in the corporation. *See Raboin v. North Dakota Workers Compensation Bureau*, 1997 ND 221, ¶ 6, 571 N.W.2d 833. At that time the statute provided:

> Any officer, director, or any employee having twenty percent ownership of a corporation . . . is personally liable for premiums or reimbursement, including interest, penalties, and costs in the event the corporation . . . does not pay to the bureau those amounts for which the employer is liable.

N.D.C.C. § 65–04–26.1(1).

[¶ 13] In 1995, the statute was amended to allow the Bureau to hold all corporate officers and directors personally liable for unpaid insurance premiums, irrespective of their stock ownership. The amendments were included in House Bill 1329, and Assistant Attorney General Robert W. Morris, counsel for the Bureau, testified before both the House and the Senate Industry, Business & Labor Committees:

> This section of the Bill proposes to make several changes to the present corporate officer liability provisions of the Workers Compensation Act. . . .
>
> First, the Bill proposes to clarify and broaden the officers that may be held personally liable. At the present time, it is unclear from the law whether liability may be imposed upon any officer plus any employee owning over twenty percent of the stock or whether an officer must own twenty percent of the stock to be liable. The Bill proposes to amend the language of the law to clarify that the former is true. Under House Bill 1329, any officer, regardless of stock ownership, plus any employee with a twenty percent ownership interest may be held personally liable.

We hold that, under N.D.C.C. § 65–04–26.1(1), an officer or director of a corporation can be held personally liable for unpaid worker's compensation insurance premiums, irrespective of whether that individual has an ownership interest in the corporation.

### IV

[¶ 14] Thompson, Geller, and Coutts argue that the Bureau's commencement of and failure to prosecute a collection action against the corporation for the unpaid insurance premiums constituted an election of remedies precluding the Bureau from holding them personally liable for the unpaid premiums.

[¶ 15] The doctrine of election of remedies is applied when three elements are present: (1) the existence of two or more remedies; (2) inconsistency between the remedies; and (3) the choice of one remedy. *Farmers Elevator & Mercantile Co. v. Farm Builders, Inc.*, 432

N.W.2d 864, 870 (N.D.1988). A trial court does not abuse its discretion by postponing the election of remedies until final judgment is entered. *Id.* Under the doctrine, a plaintiff is only required to elect between two remedies when those remedies are inconsistent. *Barker v. Ness,* 1998 ND 223, ¶ 9, 587 N.W.2d 183.

■ [¶ 16] The Bureau has authority under N.D.C.C. § 65–04–24 to sue an employer for unpaid premiums and also has authority to impose personal liability against corporate directors or officers under N.D.C.C. § 65–04–26.1(1). These remedies are neither exclusive nor inconsistent. If the worker's compensation insurance premium remains unpaid, the Bureau can seek under these statutes payment from the employer and can also seek payment from individual corporate officers and directors. The appellants have not cited persuasive authority to support their position that the Bureau's initiation of an action against the corporation precludes the Bureau from seeking payment of the unpaid premiums from the individual corporate officers and directors. We conclude their election of remedies issue is without merit.

## V

■ [¶ 17] Thompson, Geller, and Coutts argue the Bureau's attempt to hold them personally liable for the unpaid insurance premiums under N.D.C.C. § 65–04–26.1(1) violates due process and equal protection by denying them "their collective right to benefit from the res judicata and/or collateral estoppel effect of a dismissal with prejudice of the bureau's civil action against the corporation, under failure to prosecute and/or laches grounds." The appellants have not cited any authority supporting the claim of a constitutional violation. All regularly enacted statutes carry a strong presumption of constitutionality, which is conclusive unless the party challenging the statute clearly demonstrates that it contravenes the state or federal constitution. *Olson v. Bismarck Parks and Recreation Dist.,* 2002 ND 61, ¶ 11, 642 N.W.2d 864. A party must "bring up the heavy artillery" when asserting a constitutional claim or forgo the claim entirely. *State v. Kensmoe,* 2001 ND 190, ¶ 19, 636 N.W.2d 183.

■ [¶ 18] The Bureau has not pursued its case against the corporation, because the Bureau believes that entity is now defunct and attempts at collection would be futile. Under N.D.C.C. § 65–04–26.1(2), the personal liability of corporate officers and directors survives dissolution, reorganization, or bankruptcy of the corporation. The Bureau has statutory authority to assess personal liability for unpaid insurance premiums on the corporation's officers and directors, and there is no statutory requirement that the Bureau first attempt to settle its claim with the corporation. The appellants' argument that the Bureau's action to hold them personally liable for the unpaid insurance premiums violates their due process and equal protection rights is without merit.

## VI

[¶ 19] The Bureau's assessment of personal liability against Thompson, Geller, and Coutts for payment of unpaid worker's compensation premiums of Grand Forks Professional Baseball, Inc., is in accordance with the law. Accordingly, we affirm the decision of the district court upholding the Bureau's order imposing liability against these corporate officers and directors.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.