# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 1

Jeanne Tergesen and

Nevin Tergesen,                                    Plaintiffs and Appellants

      v.

Nelson Homes, Inc.,                               Defendant and Appellee

## No. 20210113

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Will R. Budke, Wahpeton, ND, for plaintiffs and appellants.

Dan D. Plambeck, Moorhead, MN, for defendant and appellee.

**VandeWalle, Justice.**

[¶1]   Jeanne and Nevin Tergesen appealed from a judgment dismissing their complaint and awarding Nelson Homes, Inc. damages for its breach of contract counterclaim. The Tergesens argue the district court erred in dismissing their rescission and breach of contract claims, and the court erroneously found the Tergesens breached the contract. We conclude the district court did not err in dismissing the Tergesens' claims or finding the Tergesens breached the contract, but the court did err in calculating the amount of prejudgment interest on Nelson Homes' damages. We affirm in part, reverse in part, and remand.

I

[¶2]   In July 2018, the Tergesens and Nelson Homes entered into a written agreement for the purchase and sale of a manufactured home. The purchase agreement included the delivery and set up of the home. The purchase agreement was amended in writing on October 31, 2018 and December 14, 2018. The total price of the home was $149,750, and the Tergesens paid a $13,500 deposit.

[¶3]   On November 9, 2018, the home was delivered to the Tergesens' property. The Tergesens moved into the home on or before December 25, 2018. The Tergesens reported various problems with the home to Nelson Homes and the manufacturer of the home, including concerns about the trim, sheetrock, flooring, and other issues. Nelson Homes and the manufacturer addressed and repaired at least some of the problems the Tergesens identified. After July 24, 2019, communication between the Tergesens and Nelson Homes deteriorated, the Tergesens had not paid the balance owed on the home, and no further work was done on the home.

[¶4]   In October 2019, the Tergesens sued Nelson Homes, requesting rescission of the contract, return of all money paid on the contract, costs related to maintaining the home while on their property, and removal of the home from

1

their property. They alleged they agreed to purchase a new home from Nelson Homes; Nelson Homes agreed to sell, deliver, and set up the home; and the Tergesens noted several problems after the home was delivered, including missing shingles, damage to walls, problems with the flooring, nails popping out, trim missing, and other issues. The Tergesens claimed they notified Nelson Homes of the problems, and Nelson Homes failed or refused to correct the problems. The Tergesens alleged that Nelson Homes failed to deliver the home free of defects and failed to complete the set up in a workmanlike and timely manner and that Nelson Homes breached the implied warranty of habitability. Nelson Homes answered and counterclaimed, alleging the Tergesens breached the purchase agreement by failing to pay the balance owing under the purchase agreement on or before December 14, 2018.

[¶5]   After a bench trial, the district court found the Tergesens breached the purchase agreement when they refused to pay the purchase price in full and ordered the Tergesens to pay the unpaid purchase price of $124,250 with interest. The court dismissed the Tergesens' complaint with prejudice. Judgment was entered.

## II

[¶6]   Our standard of review after a bench trial is well-established:

> In an appeal from a bench trial, the trial court's findings of fact are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a) and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. In a bench trial, the trial court is the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.

*Command Ctr., Inc. v. Renewable Res., LLC*, 2021 ND 59, ¶ 14, 956 N.W.2d 755 (quoting *Brash v. Gulleson*, 2013 ND 156, ¶ 7, 835 N.W.2d 798).

# III

[¶7]   The Tergesens argue the district court erred by finding payment was due prior to delivery of the home and by finding they breached the contract when they failed to complete the purchase of the home and pay the purchase price. They claim Paul Nelson, the owner of Nelson Homes, told them they were not required to pay for the home until set up was complete and testimony established the home remained incomplete and set up was not finished at the time of trial. They contend neither party performed their obligations under the terms of the purchase agreement.

[¶8]   The district court found the Tergesens agreed to purchase the home for $149,750, they made a down payment of $13,500, the purchase agreement required payment in full prior to delivery, and the contract did not condition payment upon completing the set up of the home to the Tergesens' satisfaction. The court found Paul Nelson contacted the Tergesens about paying for the home multiple times between July 22 and 24, 2019, the Tergesens replied on July 24, 2019 that they would contact the bank about financing when the set up was finished to their satisfaction, the communication between the two parties deteriorated, and the Tergesens refused to complete the purchase of the home. The court found the Tergesens raised some issues concerning the condition and quality of the home and all of the issues the Tergesens reported to Nelson Homes and the home manufacturer were addressed and substantially completed prior to July 24, 2019. The court found the only defects reported that were allegedly not corrected were shingles missing and nails popping and seams showing in the walls, but the missing shingles had been replaced and the manufacturer authorized a "skim coat" for the walls. The court also found Nelson Homes acknowledged that all the trim pieces were not in place but the trim was on site and a contractor was on his way to the home to finish when the Tergesens notified Nelson Homes on July 24, 2019 that the contractor was no longer welcome on their property. The court found there was no material adverse, defective, or incomplete condition of the home as of July 24, 2019 and the condition of the home did not justify the refusal to purchase the home. The court found "[o]n and after July 24, 2019, Plaintiffs breached the Purchase Agreement when they unreasonably and without justification

refused to move forward with their purchase of the Home and pay the purchase price in full."

[¶9] "A breach of contract occurs 'when there is nonperformance of a contractual duty when it is due.'" *Sanders v. Gravel Prods., Inc.*, 2008 ND 161, ¶ 7, 755 N.W.2d 826 (quoting *Van Sickle v. Hallmark & Assoc., Inc.*, 2008 ND 12, ¶ 11, 744 N.W.2d 532). Whether a party has breached a contract is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Welch Constr. & Excavating, LLC v. Duong*, 2016 ND 70, ¶ 5, 877 N.W.2d 292.

[¶10] "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." *Big Pines, LLC v. Baker*, 2020 ND 64, ¶ 7, 940 N.W.2d 616 (quoting *Hallin v. Inland Oil & Gas Corp.*, 2017 ND 254, ¶ 9, 903 N.W.2d 61). When the parties' intent can be determined from the language alone, the interpretation of a contract is a question of law. *Big Pines*, at ¶ 7.

[¶11] The purchase agreement states, "The balance of the home is to be paid before delivery and set up." The word "and" is "conjunctive in nature and ordinarily means in addition to." *Gadeco, LLC v. Indus. Comm'n*, 2013 ND 72, ¶ 15, 830 N.W.2d 535. The plain language states payment for the home is to be made before set up in addition to delivery. The district court concluded "[t]he Purchase Agreement required payment in full for the Home prior to delivery." The court erred in interpreting the language of the purchase agreement.

[¶12] However, the district court did not find the Tergesens breached the contract based on its erroneous finding that payment was required before the home was delivered to the Tergesens' property on November 9, 2018. Rather, the court found "[o]n and after July 24, 2019, Plaintiffs breached the Purchase Agreement when they unreasonably and without justification refused to move forward with their purchase of the Home and pay the purchase price in full." The evidence supports the court's finding that the Tergesens' breached the contract by failing to pay the purchase price on and after July 24, 2019.

[¶13] Evidence in the record reflects that the home was delivered to the Tergesens' property, that Nelson Homes fixed the issues the Tergesens

identified with the home, and that Nelson Homes' work on the home was largely complete with only the trim left to finish. There is evidence in the record that Paul Nelson contacted the Tergesens about payment for the home multiple times between July 22 and 24, 2019 and that the Tergesens responded on July 24, 2019 that they would contact the bank when the home was finished to their satisfaction. Evidence established Paul Nelson informed the Tergesens on July 24, 2019 that they needed to move out of the home until the work was done and they paid for the home, the Tergesens responded that the subcontractor was no longer welcome on their property and the home could be removed from their property, Paul Nelson stated he would like to try work things out, and the Tergesens stated they no longer wanted the home.

[¶14] The contract required payment before delivery and set up was complete. The district court's finding that the Tergesens breached the contract when they refused to move forward with the home and pay the purchase price on and after July 24, 2019 is not clearly erroneous.

IV

[¶15] The Tergesens argue the district court erred by awarding damages to Nelson Homes. They claim the set up of the home remained incomplete and it is inequitable to require them to pay for the home when they did not receive the home they were paying for. They also claim it was improper to calculate prejudgment interest from December 14, 2018 through the date of the trial because Nelson Homes had not completed its contractual obligation on December 14, 2018.

[¶16] The determination of damages caused by a breach of contract is a question of fact, which is subject to the clearly erroneous standard of review. *Langer v. Bartholomay*, 2008 ND 40, ¶ 27, 745 N.W.2d 649. "A damage award will be sustained on appeal if it is within the range of evidence presented." *Puklich v. Puklich*, 2019 ND 154, ¶ 40, 930 N.W.2d 593.

[¶17] The district court found the Tergesens breached the contract by failing to pay the purchase price in full and ordered Nelson Homes was entitled to

recover from the Tergesens the unpaid purchase price in the amount of $124,250. The damages were within the range of evidence.

[¶18] The district court also ordered the Tergesens to pay prejudgment interest at the rate of six percent per annum from December 14, 2018 to the date the judgment was entered. Prejudgment interest is allowed under N.D.C.C. § 32-03-04, which provides, "Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in the person upon a particular day, also is entitled to recover interest thereon from that day." Nelson Homes was entitled to recover the balance of the purchase price for the home and it was entitled to interest on that amount from the day it became due under the contract. *See Red River Wings, Inc. v. Hoot, Inc.*, 2008 ND 117, ¶¶ 59-60, 751 N.W.2d 206 (holding the right to recover unpaid management fees vested when the management contract was improperly terminated and prejudgment interest should be awarded from that date); *Farmers Union Grain Terminal Ass'n v. Nelson*, 223 N.W.2d 494, 500 (N.D. 1974) (holding the appropriate date for the start of interest was the date on which the contract was repudiated). Because the district court found the Tergesens breached the contract on and after July 24, 2019 when they refused to move forward with the purchase and pay the purchase price in full, prejudgment interest should have been awarded from that date.

[¶19] We reverse the district court's damages award and remand for the court to award prejudgment interest at the rate of 6 percent from July 24, 2019.

V

[¶20] The Tergesens argue Nelson Homes breached the contract by failing to complete the set up of the home in a workmanlike and timely manner. They contend they identified various problems with the home and the problems were never resolved.

[¶21] The district court found the home was habitable at all times when the Tergesens occupied the home. The court found most of the problems the Tergesens alleged with the house were addressed and fixed and Nelson Homes

6

was working on completing the remaining issues, such as the trim, when the Tergesens notified Paul Nelson the contractor was no longer welcome on the property. The court found:

> No further work was done on the Home on or after July 24, 2019.
>
> Since [the Tergesens] refused to purchase the Home, it was reasonable for [Nelson Homes] to discontinue its work on the Home.
>
> As of July 24, 2019, there was no material adverse, defective or incomplete condition of the Home, which substantially impaired its value.
>
> As of July 24, 2019, there was some missing trim and minor cosmetic issues.
>
> All of [the Tergesens'] complaints about the condition of the Home which were communicated to [Nelson Homes] or the manufacturer had been addressed or were in the process of being completed when [the Tergesens] decided they would not purchase the Home.
>
> The condition of the Home as of July 24, 2019 did not justify [the Tergesens'] refusal to purchase the Home.
>
> After July 24, 2019, there were further communications between the parties as [Nelson Homes] desired to move forward with the sale but the communications were unproductive.

The court found Nelson Homes did not breach the purchase agreement.

[¶22] The evidence supports the district court's findings. The court found Nelson Homes did not breach the contract. We conclude the court's decision is not clearly erroneous.

VI

[¶23] The Tergesens argue the district court erred by dismissing their rescission claim. They contend rescission is permitted because Nelson Homes failed to provide the home free of defects and failed to set up the home, they were not obligated to pay until the set up was completed, Nelson Homes' failure to complete the terms of its agreement voided the Tergesens' obligation to pay the balance of the purchase price, and both parties consented to the rescission.

7

[¶24] The remedy of rescission is not held in high esteem by the courts, and the court's power to rescind should never be exercised lightly. *Am. Bank Ctr. v. Wiest*, 2010 ND 251, ¶ 26, 793 N.W.2d 172. Rescission of a contract is not a matter of absolute right; rather, the district court has discretion to grant rescission. *Id.*; *see also Heinsohn v. William Clairmont, Inc.*, 364 N.W.2d 511, 513 (N.D. 1985). The court's decision will not be reversed on appeal unless it abused its discretion. *Wiest*, at ¶ 26. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶25] There are two permissible statutory procedures for rescission of a contract, one at law and one in equity. *Golden Eye Res., LLC v. Ganske*, 2014 ND 179, ¶ 29, 853 N.W.2d 544. Sections 9-09-01 to 9-09-04, N.D.C.C., permit rescission at law, and N.D.C.C. §§ 32-04-21 to 32-04-23 provide for rescission in equity by adjudication. *Golden Eye*, at ¶ 29. Whether the action for rescission is legal or equitable depends on the actions taken by the party prior to bringing the action. *Id.*

> If a party gives the other party notice of rescission and offers to restore the other party to the status quo in compliance with N.D.C.C. § 9-09-04, he may subsequently bring an action at law to confirm the prior unilateral rescission. If the party has not complied with the requirements of N.D.C.C. § 9-09-04, he may bring an action in equity under N.D.C.C. § 32-04-21 requesting the court order rescission of the contract.

*Golden Eye*, at ¶ 29. An action in equity seeks to have the court terminate the contract and order restoration. *Id.* The plaintiff is not required to make an offer of restoration if pursuing equitable relief. *Barker v. Ness*, 1998 ND 223, ¶ 15, 587 N.W.2d 183. If the court orders rescission, both sides must be restored to their respective pre-contractual position. *Id.* at ¶ 16.

[¶26] The district court found the Tergesens never offered to restore Nelson Homes to status quo, the Tergesens do not argue the court's finding is clearly erroneous, and therefore the Tergesens did not comply with the requirements

for rescission at law. The Tergesens argue their claim is for rescission in equity under N.D.C.C. § 32-04-21.

[¶27] Section 32-04-21, N.D.C.C., states:

> The rescission of a written contract may be adjudged on the application of the party aggrieved:
> 1. In any of the cases mentioned in section 9-09-02;
> 2. When the contract is unlawful for causes not apparent upon its face and when the parties were not equally in fault; or
> 3. When the public interest will be prejudiced by permitting it to stand.

The Tergesens argue N.D.C.C. § 9-09-02(2)-(5) apply and rescission is permitted under any of those subsections. Section 9-09-02, N.D.C.C., permits rescission upon the existence of any of the following cases:

> 2. If through the fault of the party as to whom the party rescinding rescinds the consideration for the rescinding party's obligation fails in whole or in part;
> 3. If such consideration becomes entirely void from any cause;
> 4. If such consideration before it is rendered to the party rescinding fails in a material respect from any cause; or
> 5. By consent of all of the other parties.

[¶28] The district court rejected the Tergesens' rescission arguments, finding:

> The consideration for Tergesens' obligation to pay for the Home was the sale, delivery and set up of the Home on Tergesens' property.
> The Home was sold, delivered and set up on Tergesens' property on November 9, 2018.
> The consideration for Tergesens' obligation to pay did not fail in any material respect.
> The consideration for Tergesens' obligation to pay for the Home did not fail through [Nelson Homes'] fault.
> The Home was not worthless when Tergesens refused to move forward with their purchase of the Home on July 24, 2019.
> On July 24, 2019, the sale, delivery and set up of the Home was not entirely void for any reason.

9

> Prior to the sale, delivery and setup of the Home on Tergesens' property, there was no failure of consideration in any material respect from any cause.
>
> The Tergesens and Nelson Homes did not consent to a rescission of the Purchase Agreement.

The court explained, "It is neither reasonable nor just to grant a rescission of the Purchase Agreement just because of some missing trim and minor cosmetic complaints." The court concluded, "The condition of the Home as of July 24, 2019 does not justify a rescission of the Purchase Agreement."

[¶29] The district court made findings that are not clearly erroneous and correctly applied the law. The Tergesens failed to establish a ground for rescission. The court did not act in an arbitrary, unreasonable, or unconscionable manner. We conclude the court did not abuse its discretion by denying the Tergesens' claim for rescission.

VII

[¶30] We reverse the district court's award of damages, and remand for the court to award prejudgment interest from July 24, 2019. The judgment is otherwise affirmed.

[¶31] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte