# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 98

State of North Dakota by and through
Workforce Safety and Insurance,

Plaintiff and Appellee

v.

Boechler, PC and Jeanette Boechler,
Individually,

Defendants and Appellants

## No. 20210225

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan Jones Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, N.D., for plaintiff and appellee.

David C. Thompson, Grand Forks, N.D., for defendants and appellants.

**Tufte, Justice.**

[¶1]   Boechler, P.C., and Jeanette Boechler (collectively, "Defendants") appeal from a district court judgment holding Boechler, P.C., liable for unpaid workers' compensation premiums and penalties, and an order dismissing the personal liability claim against Jeanette Boechler without prejudice. We affirm.

I

[¶2]   Workforce Safety and Insurance ("WSI") sued law firm Boechler, P.C., and Jeanette Boechler, individually, to collect unpaid workers' compensation premiums and penalties, and to enjoin them from employing others until they have complied with the North Dakota Workers Compensation Act, including paying the premiums and penalties.

[¶3]   WSI moved for summary judgment. The district court granted summary judgment against Boechler, P.C., concluding the law firm was liable for the premiums and penalties and injunctive relief was appropriate. The court denied summary judgment against Jeanette Boechler, individually, concluding WSI failed to satisfy the requirements of N.D.C.C. § 65-04-26.1(3), which requires WSI to determine personal liability in the first instance and issue a decision.

[¶4]   After a bench trial on the personal liability claim, the district court concluded that WSI failed to provide notice under N.D.C.C. § 65-04-26.1(3) and dismissed the claim without prejudice, stating the matter was not resolved on the merits, but rather as a result of a procedural deficiency. The court issued an order for judgment, and judgment was entered.

II

[¶5]   The Defendants contend the district court erred by dismissing the claim against Jeanette Boechler in her personal capacity *without* prejudice, as opposed to with prejudice.

[¶6]   The district court denied WSI's motion for summary judgment as to Jeanette Boechler, individually. The court rejected WSI's argument that its 2015 Notice of Decision holding Jeanette Boechler personally liable for prior unpaid premiums and penalties had a res judicata effect on Jeanette Boechler's personal liability in this case. The court also rejected WSI's alternative argument that because Boechler admitted she was the sole attorney, officer, and shareholder of her law firm, there were no genuine issues of material fact as to her liability under N.D.C.C. § 65-04-26.1(1) (providing personal liability for officers). The court reasoned WSI did not follow the requirements of N.D.C.C. § 65-04-26.1(3), which required WSI to make an administrative determination and allow the employer an opportunity to challenge that determination. After denying WSI summary judgment on that issue, the case proceeded to trial on the sole count regarding liability of Jeanette Boechler. After a bench trial, the court concluded WSI failed to satisfy the requirements of N.D.C.C. § 65-04-26.1(3), but requested additional briefing on whether the remaining count should be dismissed with prejudice. The court dismissed the count *without* prejudice, stating the matter was not resolved on the merits, but rather as a result of a procedural deficiency in WSI's notice.

[¶7]   "Ordinarily, a dismissal without prejudice is not appealable because either side may commence another action." *Rolette Cty. Soc. Serv. Bd. v. B.E.*, 2005 ND 101, ¶ 4, 697 N.W.2d 333. A dismissal without prejudice "may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Id.*; *see also Haugenoe v. Bambrick*, 2003 ND 92, ¶ 2, 663 N.W.2d 175 (concluding dismissal without prejudice is appealable where statute of limitations has run). WSI, the plaintiff, has not appealed the dismissal of the personal liability claim. The Defendants argue that because WSI sought judgment in its favor on the merits, any adverse determination must in fairness be on the merits and with prejudice. This argument is unpersuasive because it commits the logical fallacy of proving too much. Other than a request for an advisory opinion, every claim is presented to the court for a decision on the merits. Accordingly, if presentation of a claim for judgment on the merits were sufficient to require dismissal with prejudice, no claim could ever be dismissed without prejudice.  Thus, we conclude the district court did

not err by dismissing the personal liability claim against Jeanette Boechler without prejudice rather than with prejudice.

## III

[¶8]   The Defendants argue the district court erred in granting summary judgment and holding the law firm liable for unpaid workers' compensation premiums and penalties. Our review of an order granting summary judgment is well-established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Wenco v. EOG Res., Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701.

## A

[¶9]   The Defendants argue they were denied procedural due process because WSI failed to provide them with an administrative review process, including notice, a decision, an administrative hearing, and an opportunity to appeal. The district court agreed Jeanette Boechler was denied the administrative process required by N.D.C.C. § 65-04-26.1(3), but concluded the law firm was not entitled to this process.

3

[¶10] "When deciding a due process claim, we consider whether a constitutionally protected property or liberty interest is at stake and, if so, whether minimum procedural due process requirements were met." *Whedbee v. N.D. Workforce Safety & Ins. Fund*, 2014 ND 79, ¶ 11, 845 N.W.2d 632. Procedural due process is analyzed by applying a three-factor balancing test:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Interest of N.A.*, 2016 ND 91, ¶ 11, 879 N.W.2d 82.

[¶11] Under N.D.C.C. § 65-04-24, WSI "shall notify an employer of the amount of premium, assessment, penalty, and interest due the organization from the employer," and "[i]f the employer fails to pay that amount within thirty days, the organization may collect the premium, assessment, penalties, and interest due by civil action." Thus, the Legislature has authorized WSI to bring a civil action for unpaid premiums and penalties, as opposed to issuing a notice of decision or administrative order under N.D.C.C. § 65-04-32.

[¶12] The record shows WSI notified the law firm of its unpaid premiums and penalties. In June 2019, WSI sent the law firm a letter informing it that the 2018-2019 payroll report was due the following month. On August 5, 2019, WSI informed the law firm it had not received the report, the firm had been assessed a $50 penalty for failure to provide the report, WSI was once again requesting the report, and an additional $50 penalty would be assessed if not submitted within ten days. On August 20, 2019, WSI informed the firm it had been assessed $100 in total penalties for failing to timely file the report.

[¶13] In October 2019, WSI requested additional records, including a copy of the business check register. In December 2019, WSI informed the law firm it assessed a penalty of $100 per day (totaling $2,300) for failing to provide the requested records and would continue to assess the $100 per day penalty until

4

the record request was satisfied. On January 6, 2020, WSI sent the firm a billing statement showing an additional $4,000 was assessed under the $100 per day penalty, at which point WSI stopped assessing the $100 penalty. The law firm failed to provide the payroll report, and WSI assessed an additional $5,000 penalty. On January 24, 2020, WSI sent the firm a letter with an attached billing statement showing the $5,000 penalty and the firm's unpaid premiums. As a consequence of the firm's failure to file payroll reports, WSI billed Boechler, P.C. at the highest rate for its rate class, for a total premium of $261.99. The firm had been assessed $250 estimated premium and owed the remaining premium of $11.99 for the 2018-2019 payroll period and an advance premium of $250 for the 2019-2020 payroll period. In addition to the letters and billing statements, the record shows WSI made multiple phone calls to the law firm notifying the firm of the late payroll report.

[¶14] WSI commenced this civil action in March 2020 by service of the summons and complaint on the Defendants. This was more than thirty days after WSI notified the law firm of the amounts owed to it in premiums and penalties. Thus, WSI satisfied the requirements of N.D.C.C. § 65-04-24. Further, we agree with the district court's conclusion that "a pre-assessment hearing determining whether WSI correctly assessed its penalties under the statutory scheme would add little to the accuracy of WSI's determinations." The law firm was provided the procedural safeguards that all civil litigants are entitled to under the North Dakota Rules of Civil Procedure. Accordingly, we conclude the law firm was not denied due process of law in this case.

B

[¶15] The Defendants argue the penalties assessed against the law firm violate the excessive fines clauses of the North Dakota and U.S. Constitutions: "Excessive bail shall not be required, nor excessive fines imposed…." N.D. Const. art. I, § 11; U.S. Const. amend. VIII. The excessive fines clause was recently held to apply to state governments through the Fourteenth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682 (2019). There is no dispute that the clause constrains WSI, or that the administrative penalties at issue here are "fines." At issue is whether the fine WSI imposed on the law firm is

5

"excessive." Because the parties do not argue that the term "excessive" carried a different meaning in 1889 when the state's excessive fines clause was adopted, we apply federal precedent to the Eighth Amendment claim and consider it persuasive in applying the state clause. In *United States v. Bajakajian*, 524 U.S. 321, 334 (1998), the United States Supreme Court concluded the federal excessive fines clause is violated if the fine is "grossly disproportional to the gravity of a defendant's offense." In deriving a constitutional excessiveness standard, the Supreme Court relied upon two considerations: 1) "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," and 2) "any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise." *Id.* at 336.

[¶16] WSI assessed the following penalties against the law firm: $100 for failing to timely file the 2018-2019 payroll report under N.D. Admin. Code § 92-01-02-14(7); $100 per day ($6,300 total) for failing to provide requested records under N.D.C.C. § 65-04-33(6)(c); and $5,000 for failing to provide a payroll report at all under N.D.C.C. § 65-04-33(6)(a).

[¶17] The Defendants argue the total amount of penalties of $11,400 is grossly disproportional to the underlying liability (i.e., premiums) of $261.99. However, such a comparison is immaterial to the issue of whether fines are unconstitutionally excessive. As articulated by the Supreme Court, the relevant comparison is between the gravity of the defendant's offense and the fine. Thus, the proper question is whether the penalties are grossly disproportional to the defendant's behavior of failing to file the payroll report and requested records. We conclude the penalties are not grossly disproportional to the law firm's persistent disregard for WSI's request for payroll records. By ignoring such lawful requests, an employer directly compromises WSI's administration of the workforce safety and insurance fund.

[¶18] The penalties assessed by WSI are authorized by N.D. Admin. Code § 92-01-02-14(7) and N.D.C.C. § 65-04-33(6). Because "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," and the Defendants provide no persuasive argument that the

6

penalties are grossly disproportional to the misconduct, we conclude the penalties imposed against the law firm were not unconstitutionally excessive.

## IV

[¶19] We have considered the remaining arguments made by the parties and conclude they are either without merit or unnecessary to our decision. We affirm the judgment and the order dismissing the claim against Boechler without prejudice.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte