# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 132

State of North Dakota by and through

Workforce Safety and Insurance,                    Plaintiff and Appellant

    v.

Boechler, PC and Jeanette Boechler,

individually,                                      Defendants and Appellees

## No. 20240165

Appeal from the District Court of Cass County, East Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for plaintiff and appellant.

David C. Thompson, Grand Forks, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Workforce Safety and Insurance ("WSI") appeals from a district court judgment awarding WSI a judgment in the amount of $5,802 against Jeanette Boechler ("Boechler"). WSI argues the court erred as follows: in its interpretation of N.D.C.C. § 65-04-26.1 in determining Boechler's personal liability does not include or extend to penalties imposed due to a failure to file payroll reports; and in finding that a decision regarding personal liability under N.D.C.C. § 65-04-26.1 applies only to amounts determined as of the date of the decision and cannot be applied prospectively. WSI also contends that the court incorrectly determined the extent of Boechler's personal liability. We affirm in part, reverse in part, and remand.

I

[¶2]   In 2020, WSI initiated a civil action against Boechler PC ("the corporation") for unpaid workers compensation premiums, penalties, and interest for periods ending in approximately mid-August 2019. WSI was awarded a judgment ("June 11, 2021 judgment") in the amount of $11,661.99, most of which was attributable to penalties. The June 11, 2021 judgment enjoined the corporation from employing persons until the corporation fully complied with workforce safety and insurance laws, including paying all premiums, penalties, and interest awarded. The June 11, 2021 judgment also provided that WSI's claim against Boechler personally was dismissed without prejudice.

[¶3]   In May 2022, WSI initiated a second action against the corporation and Boechler personally, alleging that they owed a balance of $10,854.53 for premiums, penalties, and interest not previously included in the June 11, 2021 judgment. WSI did not seek to recover from Boechler any of the amounts covered by the June 11, 2021 judgment.

[¶4]   In July 2023, WSI moved for summary judgment and the district court determined there were no genuine issues of material fact precluding the entry of a judgment in favor of WSI and against the corporation in the amount of

$10,854.53. The court determined that the undisputed facts included the following: the corporation failed to file a payroll report for the period ending June 30, 2020, and for the period ending June 30, 2021; the corporation failed to pay a $250 premium for July 1, 2020 through June 30, 2021, and for July 1, 2021 through June 30, 2022; the corporation persistently disregarded its duties under workforce safety and insurance laws; Boechler was president of Boechler PC; on March 15, 2021, WSI determined Boechler was personally liable under N.D.C.C. § 65-04-26.1 for the corporation's unpaid (and due) premiums, including penalties, interests, and costs; and Boechler was personally liable for a $250 premium that had been due at the time of WSI's March 2021 determination.

[¶5] The district court identified two issues relating to Boechler's personal liability that required determination: (1) whether Boechler's personal liability extended to penalties for misconduct not connected to failure to pay premiums; and (2) whether Boechler's misconduct applied to future amounts, not just those due at the time of WSI's determination Boechler was personally liable. Resolution of the personal liability issues, and the propriety of injunctive relief, were set for trial.

[¶6] Following the trial, the district court found the following: during the tax periods at issue, Boechler was the president of the corporation and an employer under state workforce safety and insurance law; following the June 11, 2021 judgment, the corporation persistently disregarded its responsibilities under the law, failing to file payroll reports in 2020 and 2021 and failing to pay 2021 and 2022 premiums; each penalty WSI imposed upon the corporation and Boechler were consistent with its statutory authority and was for purposes of safeguarding and promoting the integrity of the workforce safety and insurance program; and Boechler admitted that she received WSI billing statements and indicated that she may have received phone messages from WSI.

[¶7] The district court also found the following: in 2020, WSI imposed penalties upon the corporation for its failures to file payroll reports, including $100 (total) in August and $5,000 in October; WSI issued a notice of decision ("decision") in March 2021, relating to Boechler's personal liability; the decision indicated that WSI had reviewed the employer account and determined Boechler was liable for

"unpaid premium, assessment, penalty and interest pursuant to North Dakota Century Code § 65-04-26.1"; the decision included the findings that Boechler was the president of the corporation and she was personally liable for all of the unpaid amounts "for the life of the account" and that the amount due may change for multiple reasons, including failing to provide an annual payroll report, or a claim attributable to her employer account; the decision provided notice that Boechler's liability would extend to amounts "incurred" through the date of her resignation or removal from the corporation; and the decision indicated the amount due was contained on the most recent billing statement.

[¶8] The district court's findings included the following: the decision included a copy of a February 2021 statement, which set out the corporation's total unpaid liability in the amount of $17,151.87; that the unpaid liability was comprised of three minor premium penalty interest charges and $17,141.43 from a previous balance; and the February 2021 statement included $11,661.99, which was attributable to the monetary portion (excluding costs and disbursements) of the June 11, 2021 judgment.

[¶9] The district court's findings also included the following: Boechler requested reconsideration of the decision; upon reconsideration, WSI issued an order on July 22, 2021 ("order"); the order cited the statutory language that a qualifying individual is personally liable "for premiums under this chapter and reimbursement under section 65-05-07.2, including interest, penalties, and costs[.]"; the order indicated Boechler was personally liable "for unpaid workers' compensation premiums, penalties, interest, and costs owed by Boechler PC."; the order directed Boechler, individually, to pay WSI $17,463.99 within 30 days; and the order indicated "[t]he amount due will continue to increase at the legal interest rate from the date of this Order."

[¶10] The district court further found: in late August 2023, Boechler attempted to seek additional administrative review, submitting a request for hearing; WSI issued a notice indicating Boechler's request for hearing was not timely and the order accordingly was final; and Boechler did not appeal that determination.

[¶11] Additional findings included the following: in 2021, WSI again imposed penalties for the corporation's failure to file payroll reports, including $100 in August and $5,000 in November; throughout 2020 and 2021, WSI provided notice (via monthly billing statements) to the corporation of the amounts due; the corporation failed to pay the amounts due, and they were still outstanding at the time of trial.

[¶12] Following the above findings, the district court awarded WSI the reduced sum of $5,802, holding (1) that under N.D.C.C. § 65-04-26.1, Boechler's personal liability does not include or extend to penalties imposed due to a failure to file payroll reports; and (2) a final decision on personal liability under N.D.C.C. § 65-04-26.1 only applies to amounts determined as of the date of that decision. WSI argues the court's interpretation of N.D.C.C. § 65-04-26.1 was erroneous.

II

[¶13] "Interpretation of a statute is a question of law, fully reviewable on appeal." *Wheeler v. Gardner*, 2006 ND 24, ¶ 10, 708 N.W.2d 908. "The primary objective of statutory construction is to ascertain the intent of the legislature." *Ash v. Traynor*, 2000 ND 75, ¶ 6, 609 N.W.2d 96; *Witcher v. N.D. Workers Comp. Bureau*, 1999 ND 225, ¶ 11, 602 N.W.2d 704. In doing so, courts look first to the language of the statute and give it its plain, ordinary, and commonly understood meaning. *Baity v. Workforce Safety and Ins.*, 2004 ND 184, ¶ 12, 687 N.W.2d 714; *Goodleft v. Gullickson*, 556 N.W.2d 303, 306 (N.D. 1996). Statutes are construed "as a whole to harmonize and give meaning to each word and phrase." *Baity*, ¶ 12; *Witcher*, ¶ 11; *Ash*, ¶ 6.

[¶14] A statute is ambiguous when it is "susceptible to differing but rational meanings." *Ash*, 2000 ND 75, ¶ 6. "Although courts may resort to extrinsic aids to interpret a statute if it is ambiguous," it must "look first to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear." *McDowell v. Gillie*, 2001 ND 91, ¶ 11, 626 N.W.2d 666. "When the meaning of the statute is clear on its face, there is no room for construction." *Baity*, 2004 ND 184, ¶ 12. Also, when a statute is clear and unambiguous, "the

4

letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05.

[¶15] If a district court determines a statute is ambiguous, "extrinsic aids may be used to construe the statute to determine legislative intent, including the object sought to be obtained, the legislative history, and the administrative construction of the statute." *Reopelle v. Workforce Safety and Ins.*, 2008 ND 98, ¶ 13, 748 N.W.2d 722; N.D.C.C. § 1-02-39. "The practical application of a statute by the agency enforcing it is entitled to some weight in construing the statute, especially where the agency interpretation does not contradict clear and unambiguous statutory language." *Effertz v. N.D. Workers' Comp. Bureau*, 481 N.W.2d 218, 220 (N.D. 1992); *see also Houn v. Workforce Safety and Ins.*, 2005 ND 115, ¶ 4, 698 N.W.2d 271 (noting administrative construction of a statute is entitled to some deference).

III

[¶16] WSI argues the district court erred as a matter of law in determining that under N.D.C.C. § 65-04-26.1, Boechler's personal liability does not include or extend to penalties imposed due to a failure to file payroll reports. Section 65-04-26.1(1), N.D.C.C., provides:

> [1] An officer or director of a corporation, or manager or governor of a limited liability company, or partner of a limited liability partnership, or employee of a corporation or limited liability company having twenty percent stock ownership who has control of or supervision over the filing of and responsibility for filing payroll reports or making payment of premiums or reimbursements under this title and who fails to file the reports or to make payments as required, [2] is personally liable *for premiums* under this chapter and reimbursement under section 65-04-04.4, *including* interest, penalties, and costs [3] if the corporation or limited liability company does not pay to the organization those amounts for which the corporation or limited liability company is liable.

(Emphasis added.)

5

[¶17] Section 65-04-26.1(1), N.D.C.C., can be divided into three parts. Section 65-04-26.1(1) first identifies classes of individuals who may be subject to personal liability. Next, it states the scope of potential personal liability. Finally, it states when personal liability may be imposed on an individual.

[¶18] As explained in *Grand Forks Professional Baseball, Inc. v. North Dakota Workers Compensation Bureau*, 2002 ND 204, ¶ 11, 654 N.W.2d 426, the classes of individuals subject to N.D.C.C. § 65-04-26.1(1) "are separated by commas, and the coordinating conjunction 'or' is used for 'introducing an alternative.'" Section 65-04-26.1(1), N.D.C.C., provides four classes of individuals who may be subject to personal lability: "[a]n officer or director of a corporation," a "manager or governor of a limited liability company," a "partner of a limited liability partnership," or an "employee of a corporation or limited liability company" who satisfies certain conditions. It is undisputed Boechler is subject to section 65-04-26.1(1). The issue is the potential scope of her personal liability under section 65-04-26.1(1).

[¶19] After identifying the classes of individuals subject to personal liability, N.D.C.C. § 65-04-26.1(1) provides the scope of potential personal liability. Section 65-04-26.1(1) limits an individual's personal liability to the unpaid premiums and reimbursement under N.D.C.C. § 65-04-04.4, "including interest, penalties, and costs[.]" The word "including" means "containing as part of the whole being considered[.]" *New Oxford American Dictionary* 879 (3d ed. 2010). *See also id.* (defining "include" to mean "comprise or contain as part of a whole"); *The American Heritage Dictionary* 888 (5th ed. 2011) (defining "include" as "[t]o contain or take in as a part, element, or member"); *Webster's New World Dictionary* 323 (5th ed. 2016) (defining "include" as "to have as part of a whole; contain"). Here, the word "including" modifies the term "premiums," meaning "premiums" is "the whole being considered." The word "including" precedes the parts or elements of "premiums" for which an individual may be personally liable. The word "including" does not expand the term "premiums"; rather, it precedes a partial list of illustrative examples of what is comprised in the term "premiums."

[¶20] By way of example, it would be logical for someone to say, "I will pay for dinner, including drinks and dessert," dinner reasonably encompassing drinks and dessert. It would not be logical for someone to say, "I will pay for dinner, including your car insurance," car insurance not being a part or subset of dinner. The term "premiums" reasonably encompasses interest, penalties, and costs connected to a company's failure to pay premiums; the term "premiums" does not reasonably encompass interest, penalties, and costs not related to the payment of premiums.

[¶21] Section 65-04-26.1(1), N.D.C.C., does not provide an individual's personal liability extends to penalties for conduct not connected to the corporation or limited liability company's failure to pay premiums or reimbursement under N.D.C.C. § 65-04-04.4, including the corporation or limited liability company's failure to file a payroll report. The statute's references to payroll reports defines when an employee of a corporation or limited liability company may be personally liable, not the scope or amount of personal liability. *See Grand Forks Prof. Baseball*, 2002 ND 204, ¶ 11 (concluding the language following "employee of a corporation or limited liability company" is descriptive of the employee and that section 65-04-26.1(1) "imposes liability upon an employee of a corporation only if that employee has a 20% stock ownership and has control of or supervision over the filing of premium reports or making payment of premiums and fails to do so").

[¶22] Penalties for not filing a payroll report are not a part or subset of premiums. Had the legislature intended a person to be potentially liable for all interest, penalties, and costs, even if unrelated to premiums, it would have used the conjunctive "and" to expand potential liability beyond premiums. *Meiers v. N.D. Dep't of Transp.*, 2025 ND 21, ¶ 36, 16 N.W.3d 423 ("The word 'and' is 'conjunctive in nature and ordinarily means in addition to.'" (quoting *Tergesen v. Nelson Homes, Inc.*, 2022 ND 1, ¶ 11, 969 N.W.2d 150)). For example, the statute could read the individual "is personally liable for premiums under this chapter, reimbursement under section 65-04-04.4, interest, penalties, and costs." However, rather than use the conjunctive "and," the legislature used the term "including," thereby only identifying parts or elements of the terms "premiums" and "reimbursements."

[¶23] WSI asserts the term "penalties" cannot relate to the failure to pay premiums because, "[q]uite simply, there are no 'penalties' for simply failing to pay premiums, only interest under N.D.C.C. § 65-04-22 that continues to accrue on any premium that is in default." But the title to section 65-04-22 is: "Organization may make premium due immediately—When premium is in default —*Penalty*." (Emphasis added.) The section provides, in part:

> When an employer *defaults in the payment of a premium*, an installment of the premium, penalty or interest, or in the filing of any bond required under this chapter, *the employer at the time of default is subject to a penalty* not to exceed two hundred fifty dollars plus two percent of the amount of premiums, penalties, and interest in default, *and* beginning one month after default, *a penalty* of two percent of the amount of premiums, penalties, and interest in default *for each month or fraction of a month the premium*, penalty, or interest *remains unpaid*.

(Emphasis added.) By its plain terms, an employer is subject to "a penalty" under section 65-04-22 when the employer "defaults in the payment of a premium" and when, beginning one month after default, the premium "remains unpaid."

[¶24] Finally, N.D.C.C. § 65-04-26.1(1) states when personal liability may be imposed on an individual. Under section 65-04-26.1(1), an individual may be personally liable "if the corporation or limited liability company does not pay to the organization those amounts for which the corporation or limited liability company is liable." N.D.C.C. § 65-04-26.1(1). Although section 65-04-26.1(1) references payroll reports when defining when an "employee of a corporation or limited liability company" may be personally liable, it does not provide an individual may be personally liable for the corporation or limited liability company's failure to file payroll reports. The plain language of section 65-04-26.1(1) *only* permits personal liability to be imposed when the corporation or limited liability company "does not pay" WSI the "amounts for which the corporation or limited liability company is liable." Personal liability is contingent on the corporation or limited liability company's lack of payment, not the failure to file payroll reports.

8

[¶25] "When engaging in statutory interpretation, this Court has consistently recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed." *Wilkinson v. Bd. of Univ.*, 2020 ND 179, ¶ 34, 947 N.W.2d 910 (quoting *Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 12, 829 N.W.2d 453). When it passed N.D.C.C. § 65-04-26.1(1), the legislature said the identified individuals could be personally liable "for premiums" and "reimbursements," "including interest, penalties, and costs." Had it intended to include personal liability for penalties for failure to file payroll reports or for other activities, it could have done so. It did not. We hold the district court did not err when it decided Boechler's personal liability does not include penalties imposed for failure to file payroll reports.

IV

[¶26] The district court also determined a final decision on personal liability under N.D.C.C. § 65-04-26.1 only applies to amounts determined as of the date of that decision. WSI argues that its order from July 22, 2021 applied prospectively, establishing Boechler's personal liability for future sums owed by the corporation.

[¶27] North Dakota Century Code § 65-04-26.1(3) requires WSI to make an administrative determination regarding personal liability and allow an opportunity to challenge that determination. *WSI v. Boechler, PC*, 2022 ND 98, ¶ 6, 974 N.W.2d 409. The notice of decision corporate officer liability issued March 15, 2021, indicated Boechler would be held personally liable and provided her the opportunity to challenge that determination. The notice also indicated the amount of her personal liability could change depending on future accruals on the account, including additional premiums, penalties, interest, assessments, and costs. Finally, the notice indicated that whether she remained personally liable could change if her relationship with the corporation changed. Personal liability exists when the corporation or limited liability company does not pay to the organization those amounts for which the corporation or limited liability company is liable and the personal liability survives dissolution, reorganization, bankruptcy, receivership, or assignment for the benefit of creditors. N.D.C.C. § 65-04-26.1(1) and (2).

[¶28] WSI initiated a second action in May 2022 specifically seeking a judgment against Boechler individually and referencing its prior determination she was personally liable. The record is uncontested that Boechler's relationship to the corporation did not change after the determination she was personally liable. We conclude, on this record, the district court erred in excluding from Boechler's individual liability amounts accruing after the WSI determination of her individual liability.

V

[¶29] WSI challenges the district court's reduction of Boechler's personal liability by the amount of the prior judgment entered against the corporation and the accrual of additional liability to the date of its current action. The court recognized that administrative res judicata applied to WSI's July 22, 2021 order, noted that the corporation owed WSI $17,463.99 at the time of that order, and noted that $11,661.99 of that amount was covered by the prior judgment entered on July 11, 2021. The court deducted the $11,661.99 (the amount of the June 11, 2021 judgment) from the $17,463.99 (the amount of the July 22, 2021 order) and awarded WSI personal liability against Boechler under N.D.C.C. § 65-04-26.1 in the amount of $5,082.00.

[¶30] WSI's complaint in this action specifically requests Boechler be held personally liable under N.D.C.C. § 65-04-26.1 as determined under the July 22, 2021 order in the amount of $17,463.99. That amount does include the amount of $11,661.99 in the June 11, 2021 judgment against the corporation. Boechler was individually included in the earlier action, but she was dismissed without prejudice. *See Boechler*, 2022 ND 98, ¶ 7.

[¶31] The June 11, 2021 judgment was entered only against the corporation. Boechler was dismissed from that action without prejudice. WSI was not precluded from seeking a recovery against Boechler for the amount of the prior judgment entered against the corporation. The district court erred in deducting the amount of the June 11, 2021 judgment from Boechler's individual liability.

[¶32] In addition, liabilities continued to accrue subsequent to the July 22, 2021 order, with a total liability of $23,573.05 at the time this action was initiated. As

10

noted in the prior section of this opinion, on this record, the district court erred in excluding from Boechler's individual liability amounts accruing after the WSI determination of her individual liability on July 22, 2021.

## VI

[¶33] The district court did not err when it interpreted N.D.C.C. § 65-04-26.1 to mean Boechler's personal liability does not include or extend to penalties imposed due to a failure to file payroll reports. The court erred when it determined a decision regarding personal liability under N.D.C.C. § 65-04-26.1 applies only to amounts existing as of the date of the decision. We affirm in part, reverse in part, and remand for entry of a judgment consistent with this opinion.

[¶34] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr