2011 ND 237

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daniel Jon HUMANN, Defendant and Appellant.**

No. 20110185.

Supreme Court of North Dakota.

Dec. 13, 2011.

Dawn Marie Deitz (submitted on brief), Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kent M. Morrow (submitted on brief), Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Daniel Humann appeals a district court order requiring sexual offender registration, arguing the district court's findings were insufficient. We affirm.

I

[¶ 2] On June 27, 2008, Humann was charged with "possession of certain materials prohibited" by N.D.C.C. § 12.1–27.2–04.1, for possessing on his cell phone images depicting sexual conduct by a minor. On February 3, 2009, Humann pled guilty. He was sentenced to five years incarceration with all but one year suspended for five years following his release. After serving his time at the penitentiary, Humann was released subject to a number of probation conditions.

[¶ 3] On February 22, 2011, the State petitioned to revoke Humann's probation. The State alleged Humann violated his probation by contacting a minor and possessing naked images of her on his cell phone, contacting another minor and possessing her image on his cell phone, possessing numerous images of naked women on his cell phone, having a Facebook account without permission, possessing alcohol, testing positive for marijuana use and failing to report to law enforcement. At the revocation hearing, Humann admitted all the allegations. The State argued that in addition to revoking Humann's probation, the district court should require Humann to register as a sexual offender. The district court revoked Humann's entire suspended sentence and ordered Humann to register as a sexual offender due to his guilty plea to possession of certain materials prohibited.

II

[¶ 4] Humann argues the sexual offender registration statute required the district court to make factual findings regarding mental abnormality and predatory conduct. He argues this case should be remanded because the district court failed to make sufficient findings. The State argues the district court order satisfied the requirements of the sexual offender registration statute. At issue is the proper interpretation and application of N.D.C.C. § 12.1–32–15. Statutory interpretation is a question of law which is fully reviewable on appeal. *State v. Rubey*, 2000 ND 119, ¶ 6, 611 N.W.2d 888.

[¶ 5] Section 12.1–32–15, N.D.C.C., governs the registration of sexual offenders and offenders against children. Subsection 2 of section 12.1–32–15, N.D.C.C., requires the district court to order registration in some cases and in other cases gives the district court the discretion to deviate from requiring registration after making specified findings. The subdivisions of subsection 2 relevant to this case govern the registration of felonious sexual offenders and sexual offenders guilty of a misdemeanor:

"2. The court shall impose, in addition to any penalty provided by law, a requirement that the individual register, within three days of coming into a county in which the individual resides or within the period identified in this section that the individual becomes temporarily domiciled. The individual must register with the chief of police of the city or the sheriff of the county if the individual resides, attends school, or is employed in an area other than a city. The court shall require an individual to register by stating this requirement on the court records, if that individual:

"a. Has pled guilty or nolo contendere to, or been found guilty as a felonious sexual offender or an attempted felonious sexual offender, including juvenile delinquent adjudications of equivalent

offenses unless the offense is listed in subdivision c.

"b. Has pled guilty or nolo contendere to, or been found guilty as a sexual offender for, a misdemeanor or attempted misdemeanor. The court may deviate from requiring an individual to register if the court first finds the individual is no more than three years older than the victim if the victim is a minor, the individual has not previously been convicted as a sexual offender or of a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense."

N.D.C.C. § 12.1–32–15(2)(a)–(b).

[¶ 6] Under N.D.C.C. § 12.1–32–15(2)(a), sexual offender registration is mandatory for all felonious sexual offenders except juveniles adjudicated delinquent for gross sexual imposition on a victim less than fifteen years old. *See* N.D.C.C. § 12.1–32–15(2)c. The definition of "sexual offender" at N.D.C.C. § 12.1–32–15(1)(e) includes a person who has pled guilty to a violation of N.D.C.C. ch. 12.1–27.2. Chapter 12.1–27.2, N.D.C.C., includes N.D.C.C. § 12.1–27.2–04.1, possession of certain materials prohibited, a class C felony. Humann pled guilty to possession of certain materials prohibited, making him a felonious sexual offender subject to mandatory registration under N.D.C.C. § 12.1–32–15(2)(a).

■ [¶ 7] In its order, the district court concluded N.D.C.C. § 12.1–32–15(2)(b) controlled. The district court stated the statute permitted deviation from the registration requirement if certain factors were present but "[did] not find the existence of any of the said factors in this case."

■ [¶ 8] The district court erred by applying N.D.C.C. § 12.1–32–15(2)(b) because Humann did not plead guilty to a misdemeanor or an attempted misdemeanor. However, the district court correctly ordered Humann to register as a sexual offender. "[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning." *State ex rel. K.B. v. Bauer,* 2009 ND 45, ¶ 10, 763 N.W.2d 462 (quoting *Sanders v. Gravel Prods., Inc.,* 2008 ND 161, ¶ 9, 755 N.W.2d 826). The district court correctly concluded Humann is required to register as a sexual offender.

### III

[¶ 9] We affirm the district court order requiring sexual offender registration.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.