# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 134

State of North Dakota,                                     Plaintiff and Appellee

v.

Orion Tyler Berkley,                                    Defendant and Appellant

## No. 20240351

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justice McEvers joined. Justice Bahr filed a concurring opinion, in which Justice Crothers joined.

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for plaintiff and appellee.

Eric P. Baumann, Minot, N.D., for defendant and appellant.

**State v. Berkley**
No. 20240351

**Tufte, Justice.**

[¶1] Orion Tyler Berkley appeals from a criminal judgment entered after a jury trial. On appeal, Berkley argues the district court erred in determining registration as an offender against children under N.D.C.C. § 12.1-32-15 was mandatory for his conviction under N.D.C.C. § 14-09-22 because he is a parent of the victim. Berkley also argues the district court abused its discretion by requiring him to register as an offender against children. We reverse the criminal judgment and remand for reconsideration of the registration requirement.

I

[¶2] On June 5, 2024, Berkley was convicted of child abuse, a class B felony, in violation of N.D.C.C. § 14-09-22(1) and ordered to register as an offender against children. The information alleged Berkley was the father of the victim, approximately age two, and inflicted or allowed to be inflicted bodily injury on the minor. The final jury instructions alleged Berkley "was the parent of John Doe" and "John Doe was under the age of 6."

[¶3] At the sentencing hearing, Berkley argued registration as an offender against children was not mandatory and the district court should not order Berkley to register. The district court explained:

> In regards to the registration. You know 14-09-22(5) required the registration and I'll be the first to say that trying to read through the registration requirements in 12.1-32 is difficult. Whoever wrote it used way too many commas, way too many references to other sections. I'm kind of a big fan of just saying what you want to say in simple, complete sentences which this section doesn't really do.
> But in reading it I don't believe that I can make a finding that registration isn't necessary because the section, as I read it, specifically requires parents who commit offenses against children to register. That's how I read it. Is that right? I don't know. What I would say on the record here is that if — I wouldn't sentence him to register, if I didn't believe I had to.

1

So to the extent that helps the Defendant out with anything. I don't think Mr. Berkley needs to register for this. I don't think he's a threat to other children on this point. If he completed probation successfully I don't think that would be necessary. But I don't think I have the authority to not order you to do it. I think it's required and it's kind of where we are on that.

The court ordered Berkley "be required to register as an offender against children for a minimum of 15 years." The criminal judgment states: "Must Register as an Offender Against Children." Berkley appeals.

II

[¶4]  Berkley argues the district court erred by determining N.D.C.C. § 12.1-32-15 requires him to register as an offender against children. Alternatively, he argues the court abused its discretion by ordering Berkley to register as an offender against children.

[¶5]  "This Court reviews the district court's interpretation of a statute de novo." *State v. Riggin*, 2021 ND 87, ¶ 7, 959 N.W.2d 855 (citation omitted). "In construing statutes, we consider the context of the statutes and the purposes for which they were enacted." *State v. Helland*, 2025 ND 63, ¶ 23, 18 N.W.3d 882 (citations omitted). "We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage." *State v. Enriquez*, 2024 ND 164, ¶ 17, 10 N.W.3d 777 (citation omitted). Our primary goal when interpreting statutes is to determine the Legislature's intended meaning. *Id.* If, after applying our statutory and doctrinal canons, the plain or ordinary language suggests two plausible and rational meanings, then the statute is ambiguous. *Id.* When a statute is ambiguous, "we may consider extrinsic aids, including legislative history, along with the language of the statute," to understand the Legislature's intended meaning. *Id.* "We construe ambiguous criminal statutes against the government and in favor of the defendant." *Id.* (citations omitted).

[¶6] Registration as an offender against children is governed by N.D.C.C. § 12.1-32-15. At the time of Berkley's alleged conduct and conviction, section 12.1-32-15(2), N.D.C.C.[1], read:

> The court shall impose, in addition to any penalty provided by law, a requirement that the individual register . . . . The court shall require an individual to register by stating this requirement on the court records, if that individual:
>
> . . . .
>
> d.  Has pled guilty or nolo contendere to, or been found guilty of, a crime against a child or an attempted crime against a child, including juvenile delinquent adjudications of equivalent offenses. Except if the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim, the court may deviate from requiring an individual to register if the court first finds the individual has not previously been convicted as a sexual offender or for a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

[¶7] "A crime against a child" is defined in N.D.C.C. § 12.1-32-15(1)(a):

> "A crime against a child" means a violation of chapter 12.1-16, section 12.1-17-01.1 if the victim is under the age of twelve, 12.1-17-02, 12.1-17-04, subdivision a of subsection 6 of section 12.1-17-07.1, section 12.1-18-01, 12.1-18-02, 12.1-18-05, chapter 12.1-29, or section 14-09-22, subsection 3 of section 12.1-41-02, subsection 3 of section 12.1-41-03, or an equivalent offense from another court in the United States, a tribal court, or court of another country, in which the victim is a minor or is otherwise of the age required for the act to be a crime or an attempt or conspiracy to commit these offenses.

---

[1] Section 12.1-32-15, N.D.C.C., was amended, effective July 1 – July 31, 2025, deleting former section 12.1-32-15(2)(c) governing juvenile delinquent adjudications. Section 12.1-32-15(2)(d), as quoted here, governing crimes against a child, is renumbered to (2)(c) and deletes: "including juvenile delinquent adjudications of equivalent offenses." Throughout this opinion, we refer to section 12.1-32-15(2)(d), the former version, governing crimes against a child.

[¶8]  Berkley concedes his conviction under N.D.C.C. § 14-09-22 is a "crime against a child" as defined in N.D.C.C. § 12.1-32-15(1)(a). Berkley does not dispute he is a parent of the victim. Berkley argues N.D.C.C. § 12.1-32-15(2) allows the court to deviate from the registration requirement in his case. The State argues the district court may not deviate from the registration requirement.

[¶9]  "Subsection 2 of section 12.1-32-15, N.D.C.C., requires the district court to order registration in some cases and in other cases gives the district court the discretion to deviate from requiring registration after making specified findings." *State v. Humann*, 2011 ND 237, ¶ 5, 807 N.W.2d 609. Under subsection (2)(d), the court "shall require an individual to register by stating this requirement on the court records, if that individual . . . [h]as pled guilty or nolo contendere to, or been found guilty of, a crime against a child or an attempted crime against a child." N.D.C.C. § 12.1-32-15(2). The first sentence of subsection (2)(d) establishes the general rule, namely that a conviction of a "crime against a child" "shall require" registration. The second sentence of subsection (2)(d) allows for deviation from this general rule: "the court may deviate from requiring an individual to register if the court first finds the individual has not previously been convicted as a sexual offender or for a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense." N.D.C.C. § 12.1-32-15(2)(d). However, the second sentence of section 12.1-32-15(2)(d), N.D.C.C., begins: "Except if the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim, the court may deviate from requiring an individual to register. . . ."

[¶10] The State argues the statute allows deviation from the registration requirement *only if* the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim. The placement of the exception at the beginning of the second sentence, immediately following the general rule stated in the first sentence, naturally implies the exception applies to the general rule—or that the exception stated at the beginning of the second sentence applies to the first sentence. The State argues the statute should be read that the court may deviate only if the "exception language" qualifies the offense, meaning the conviction is for one of the listed offenses. The State's

4

interpretation is a rational and plausible application of grammatical rules and our interpretive canons.

[¶11] Berkley argues the court may deviate from the registration requirement *unless* "the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim." If we consider the exception clause primarily in the context of its own sentence, then the exception can be read to apply to the latter portion of the sentence providing for deviation from the general rule stated in the first sentence—or that the exception stated in the first clause of the second sentence applies to the latter portion of that sentence. This view reads the "exception language" as an exception to the exception from the general rule that allows deviation. Stated differently, Berkley argues the second sentence should be read on its own, and should be read: "[T]he court may deviate from requiring an individual to register if the court [makes specified findings,]" "[e]xcept if [or unless] the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim." Berkley's interpretation is also a rational and plausible application of grammatical rules and our interpretive canons.

[¶12] Given the placement of the exception language, at the beginning of the second sentence, the parties' differing interpretations of the statute are plausible and rational, rendering the statute ambiguous. Because the statute is ambiguous, we may consider legislative history to aid in determining the meaning the legislature intended by the language of the statute. *Enriquez*, 2024 ND 164, ¶ 17.

[¶13] Section 12.1-32-15(2)(a), N.D.C.C., governing felonious sexual offenses, does not allow deviation from the registration requirement. Sections 12.1-32-15(2)(b)-(d), N.D.C.C. (eff. Jul 1, 2021 through June 30, 2025), allow deviation from the registration requirement after making specified findings. Sections 12.1-32-15(2)(b) and (c) allow deviation from the registration requirements for misdemeanor sexual offenders and juvenile offenders. The second sentence of each of these subsections, governing deviation, states: "The court may deviate from requiring [the offender] to register if the court first finds. . . ." N.D.C.C. § 12.1-32-15(2)(b) and (c). When section 12.1-32-15(2)(d), governing deviation for "crimes against a child" was originally introduced, the language was drafted

5

parallel to subsections (2)(b) and (c), beginning the second sentence by stating: "The court may deviate . . . ." 1999 N.D. Sess. Laws ch. 131. Later, "Except if the offense is described in section 12.1-29-02, or section 12.1-18-01 or section 12.1-18-02 and the person is not the parent of the victim" was inserted at the beginning of the second sentence of subsection (2)(d), replacing the word "The" as we see it in N.D.C.C. § 12.1-32-15(2)(b) and (c). The legislative history summary of proposed amendments which added the exception phrase described its purpose: "Reason: Mandatory registration required by the *Wetterling Act* for facilitating prostitution of a minor, kidnaping, or abducting a child." 1999 N.D. Sess. Laws ch. 131.

[¶14] Viewing the language of N.D.C.C. § 12.1-32-15(2)(d) in the context of its surrounding subsections, and the legislative history explaining the inclusion of the excepted offenses, the meaning intended by the legislature was to allow deviation for crimes against children under specified circumstances, *except if* (or unless) the offense is described "in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim."

[¶15] The statute is ambiguous in another respect affecting the district court's decision. Specifically, whether "and the person is not the parent of the victim" applies to any offense defined as a "crime against a child," any of the three offenses listed in N.D.C.C. § 12.1-32-15(2)(d), only section 12.1-18-02, or only sections 12.1-18-01 and 12.1-18-02. The district court interpreted "and the person is not a parent of the victim" to apply to any offense against a child, including a conviction under N.D.C.C. § 14-09-22. The court explained: "But in reading it I don't believe that I can make a finding that registration isn't necessary because the section, as I read it, specifically requires parents who commit offenses against children to register." Because this alternative reasoning of the district court is likely to arise on remand, we resolve this interpretive error as well. *State v. Webster*, 2017 ND 75, ¶ 13, 891 N.W.2d 769; *In re Voisine*, 2010 ND 17, ¶ 13, 777 N.W.2d 908.

[¶16] It appears the district court read the exception as requiring registration by all parents convicted of any crime against children. Read this way, Berkley cannot satisfy the exception because he is a parent of the victim. The court

6

explained the statute contained "too many commas" and "too many references to other sections." However, placement of the commas, "ors" and "ands" are significant to an accurate reading of the sentence. "The language of a statute must be interpreted in context and according to the rules of grammar, giving meaning and effect to every word, phrase, and sentence. N.D.C.C. §§ 1-02-03 and 1-02-38(2)." *Petro-Hunt, L.L.C. v. Tank*, 2024 ND 46, ¶ 27, 4 N.W.3d 526 (citation omitted).

[¶17] For example, the comma, which would otherwise appear out of place, after "section 12.1-29-02" followed by "or" distinguishes two separate qualifiers: "[1] section 12.1-29-02, or [2] section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim, the court may deviate . . . ." This comma separates section 12.1-29-02 from sections 12.1-18-01 or 12.1-18-02, and is further separated by "or." "The word 'or' is disjunctive and ordinarily means an alternative between different things or actions with separate and independent significance." *Mickelson v. N. Dakota Workforce Safety & Ins.*, 2012 ND 164, ¶ 19, 820 N.W.2d 333 (citing *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 14, 712 N.W.2d 828). "Coupled with the comma preceding 'or,' which indicates a separate clause, the statutory language clearly creates two distinct and independent phrases." *FreeEats.com, Inc.*, 2006 ND 84, ¶ 14. Therefore, the sentence is broken into two separate and independent phrases: the offense is described in [1] *or* [2].

[¶18] Qualifier [2] contains an "or" and an "and" without a distinguishing comma—each of which is significant to the structure of the sentence. Qualifier [2] contains a conjunctive qualifier: "section 12.1-18-01 or 12.1-18-02 *and* the person is not the parent of the victim." (Emphasis added.) "The word 'and' is conjunctive in nature and ordinarily means in addition to." *Tergesen v. Nelson Homes, Inc.*, 2022 ND 1, ¶ 11, 969 N.W.2d 150 (cleaned up). The conjunctive "and" is not separated by a comma, nor is "section 12.1-18-01 or 12.1-18-02" separated by a comma, which means the conjunctive "and" applies to both section 12.1-18-01 and section 12.1-18-02.

[¶19] The phrase "and the person is not the parent of the victim" applies to section 12.1-18-01 and 12.1-18-02, but not section 12.1-29-02. Read according to the rules of grammar, giving meaning and effect to every word, phrase, and

7

sentence, including every "and," "or," and comma, the sentence separates "[1] section 12.1-29-02 [prostitution]," which does not allow deviation regardless of whether the offender is the parent of the victim, from "[2][a][i] section 12.1-18-01 [kidnapping] or [ii] 12.1-18-02 [felonious restraint]," which do not allow deviation only if "[b] the person is not the parent of the victim." The qualifying offenses include: [1] section 12.1-29-02; and [2][a][i] section 12.1-18-01 or [ii] 12.1-18-02 and [b] the person is not the parent of the victim. This interpretation is supported by our legislative history and the *Wetterling Act* guidelines.

[¶20] In 1994, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. § 14071(a)-(f) (the "Wetterling Act"). *See State v. Burr*, 1999 ND 143, ¶ 62, 598 N.W.2d 147 (Kapsner, J., dissenting). North Dakota adopted into state law the requirements of the Wetterling Act. *See* N.D.C.C. § 12.1-32-15 (1995); 1995 N.D. Sess. Laws ch. 139 (H.B. 1152). In 1999, a set of guidelines addressing the Wetterling Act was published. 1999 Guidelines, 64 Fed. Reg. 572 (Jan. 5, 1999). The 1999 Guidelines provided more flexibility regarding the inclusion of offenses by the states in their registry programs. *See* Lori McPherson, The Sex Offender Registration and Notification Act (SORNA) at 10 Years: History, Implementation, and the Future, 64 Drake L. Rev. 741, 796 (2016). Following the 1999 federal guidelines, North Dakota Senate Bill 2299 narrowed the scope of N.D.C.C. § 12.1-32-15 registration and notification requirements. *See Burr*, 1999 ND 143, ¶ 96 & n.23 (Kapsner, J., dissenting) (citing *Hearing on S.B. 2299 Before the Senate Judiciary Committee*, 56th N.D. Legis. Sess. (Jan. 25, 1999)).

[¶21] The 1999 guidelines discussed the covered offenses defined as the "criminal offense against a victim who is a minor." 1999 Guidelines, 64 Fed. Reg. 572 (Jan. 5, 1999). "The general purpose of the definition is to ensure comprehensive registration for persons convicted of offenses involving sexual molestation or sexual exploitation of minors." 1999 Guidelines, 64 Fed. Reg. 572 (Jan. 5, 1999). The Guidelines state:

> The specific clauses in the Act's definition of "criminal offense against a victim who is a minor" are as follows:

(1)–(2) Clauses (i) and (ii) cover kidnaping of a minor (except by a parent) and false imprisonment of a minor (except by a parent). All states have statutes that define offenses—going by such names as "kidnaping," "criminal restraint," or "false imprisonment"—whose gravamen is abduction or unlawful restraint of a person. States can comply with these clauses by requiring registration for persons convicted of these statutory offenses whose victims were below the age of 18. It is a matter of state discretion under these clauses whether registration should be required for such offenses in cases where the offender is a parent of the victim.

1999 Guidelines, 64 Fed. Reg. 572 (Jan. 5, 1999). The guidelines further explain "offenses consisting of solicitation of a minor to practice prostitution" or "solicitation of a minor to engage in sexual conduct" require states to "consistently require[e] registration" without exception.

[¶22] A drafter of S.B. 2299, Ladd Erickson, Morton County Assistant State's Attorney, testified: "Under this Bill there is no way to deviate from registering kidnaping or feloniously restraining a child. In addition, this Bill requires anyone that kidnaps a child, other than a parent, to register for life." *Hearing on S.B. 2299 Before the Senate Judiciary Comm.*, 56th N.D. Legis. Sess. (Feb. 3, 1999) (testimony of Ladd Erickson, Morton County Assistant State's Attorney) ["*Hearing on S.B. 2299*"]. In support of the amendment to the statute, Ladd Erickson wrote a letter to the Senate Judiciary Committee dated February 1, 1999, explaining:

Addition of "Except if the offense is described in 12.1-18-01 or 12.1-18-02 and the person is not a parent." (p.3, lines 17-18) The Wetterling Act requires kidnapping and felonious restraint of a minor, other than by a parent be registered without exception. It is optional under the Wetterling Act as to whether a parent has to register for these offenses. Under SB2299, there is a presumption that a parent would have to register with the court being able to deviate. I thought this was a good option so the registration program doesn't become a wedge tool in visitation and custody fights.

*Hearing on S.B. 2299.*

[¶23] The legislative history of S.B. 2299 specifically cites compliance with the Wetterling Act and relies on the Wetterling Act guidelines.[2] Under the Wetterling Act, prostitution of a minor requires registration without exception. Kidnapping and false imprisonment (or similar offense) require registration except if committed by a parent. Therefore, we interpret "Except if the offense is described in section 12.1-29-02 [prostitution], or section 12.1-18-01[kidnapping] or 12.1-18-02 [felonious restraint] and the person is not the parent of the victim, the court may deviate from requiring an individual to register" in N.D.C.C. § 12.1-32-15(2)(d) to allow deviation only if the offense is not prostitution, kidnapping (except by a parent) or felonious restraint (except by a parent).

[¶24] Section 12.1-32-15(2)(d), N.D.C.C., allows the court to deviate from the registration for "crimes against children" if the court first finds the individual has not previously been convicted as a sexual offender or for a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense, *unless* [1] the offense is described in section 12.1-29-02, or [2] [a] the offense is described in section 12.1-18-01 or 12.1-18-02 and [b] the person is not the parent of the victim. As applied here, the court may deviate from the registration requirement for an offense under N.D.C.C. § 14-09-22 whether or not the offender is the parent of the victim. The district court misinterpreted the statute by finding the court may not deviate from the registration requirement because Berkley was a parent of the victim.

[¶25] The district court has discretion under N.D.C.C. § 12.1-32-15(2)(d) to deviate from the registration requirement if the court finds Berkley has not previously been convicted as a sexual offender or for a crime against a child and he did not exhibit mental abnormality or predatory conduct in the commission of the offense. *See* N.D.C.C. § 12.1-32-15(4) (outlining the "consideration of

[2] Notice of these guidelines was printed on June 19, 1998, as "Proposed Guidelines for the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, as Amended" in 63 Fed. Reg., Vol. 63, No. 118, June 19, 1998. Ladd Erickson cites the proposed guidelines in his written testimony submitted in support of S.B. 2299. *Hearing on S.B. 2299*. The finalized guidelines were published on January 5, 1999. The Senate Judiciary Committee received testimony in support of S.B. 2299 referencing the Wetterling Act in February, 1999.

mental abnormality or predatory conduct" and explaining "the court shall state on the record in open court its affirmative finding for not requiring an offender to register").

## III

[¶26] We reverse the criminal judgment and remand for consideration of the registration requirement according to the interpretation described above.

[¶27] Jon J. Jensen, C.J.
  Lisa Fair McEvers
  Jerod E. Tufte


**Bahr, Justice, concurring.**

[¶28] I concur with the majority's conclusion N.D.C.C. § 12.1-32-15(2)(d)[3] permits the district court to deviate from the registration requirement if the court makes the required findings. Majority, ¶¶ 14, 25. I respectfully disagree that section 12.1-32-15(2)(d) is ambiguous. *Id.* ¶ 12.

[¶29] At the relevant period, N.D.C.C. § 12.1-32-15(2) read, in relevant part:

> The court shall impose, in addition to any penalty provided by law, a requirement that the individual register . . . . The court shall require an individual to register by stating this requirement on the court records, if that individual:
> . . . .
> d. Has pled guilty or nolo contendere to, or been found guilty of, a crime against a child or an attempted crime against a child, including juvenile delinquent adjudications of equivalent offenses. Except if the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim, the court may deviate from requiring an

---

[3] Section 12.1-32-15, N.D.C.C., was amended, effective July 1 to July 31, 2025. References to section 12.1-32-15(2)(d) refer to the former version of the section.

individual to register if the court first finds the individual has not previously been convicted as a sexual offender or for a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

[¶30] As explained by the majority, the first sentence of N.D.C.C. § 12.1-32-15(2)(d) "establishes the general rule, namely that a conviction of a 'crime against a child' 'shall require' registration." Majority, ¶ 9. The first sentence of subsection (2)(d) is unambiguous. The period (.) at the end of the sentence marks the end of the statement regarding the registration requirement. *See American Heritage Dictionary* 1311 (5th ed. 2018) (defining "period" as "A punctuation mark (.) indicating a full stop, placed at the end of declarative sentences and other statements thought to be complete").

[¶31] As further explained by the majority, "[t]he second sentence of subsection (2)(d) allows for deviation from this general rule[.]" Majority, ¶ 9. The second sentence is separate and distinct from the first sentence; it unambiguously states the exception to the registration requirement, and includes an exception to the registration exception. The clause stating the exception to the registration exception is introduced by the word "except." The clause starting with "except" is a dependent clause.

[¶32] In grammar, a "clause" is "[a] group of words containing a subject and a predicate and forming part of a compound or complex sentence." *American Heritage Dictionary* 343 (5th ed. 2018). A "main clause" or "independent clause" is "[a] clause in a complex sentence that contains at least a subject and a verb and can stand alone syntactically as a complex sentence." *Id.* at 892, 1058. A "dependent clause" is "[a] clause that cannot stand alone as a full sentence and functions as a noun, adjective, or adverb within a sentence[,]" also called a "subordinate clause." *Id.* at 486, 1737; *see also Webster's New World Dictionary* 120, 175, 325, 384, 631 (5th ed. 2016) (defining "clause," "dependent clause," "independent clause," "main clause," and "subordinate clause"); *New Oxford American Dictionary* 320, 1054, 1734 (3d ed. 2010) (defining "clause," "main clause," and "subordinate clause"); The Elements of Constitutional Style: A Comprehensive Analysis of Punctuation in the Constitution, 79 Tenn. L. Rev.

687, at 728 n. 209 ("An independent clause is one that can stand on its own as a sentence."), 732 n. 234 ("Independent clauses are clauses that can stand alone, grammatically, as independent sentences."), 732 n. 235 ("A dependent clause is a clause that cannot stand alone as a sentence.") (Summer 2012).

[¶33] The dependent clause, set off by a comma, precedes the main or independent clause. The dependent clause—"Except if the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim"—"depends linguistically" on the independent exception clause in the second sentence of N.D.C.C. § 12.1-32-15(2)(d), *not* the registration requirement in the prior sentence. The Elements of Constitutional Style, 728 n. 209 (explaining a dependent clause "depends linguistically on the main clause of the sentence to complete it"). The State's position the dependent clause in the second sentence modifies the registration requirement in the prior sentence lacks any grammatical support, and is not "a rational and plausible application of grammatical rules and our interpretive canons." Majority, ¶ 10.

[¶34] If the legislature intended the dependent clause in the second sentence of N.D.C.C. § 12.1-32-15(2)(d) to modify the registration requirement in the first clause, it would have placed the dependent clause in the first sentence. The Elements of Constitutional Style, 728 n. 209 (explaining a dependent clause "depends linguistically on the main clause of the sentence to complete it"). However, as written, the dependent clause modifies the registration exception, not the registration requirement. Moreover, grafting the dependent clause in the second sentence of section 12.1-32-15(2)(d) onto the first sentence, as apparently suggested by the State, would rewrite the statute. It would also mean the district court must require an individual to register if the individual is convicted of a crime against a child unless "the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim[.]" That is the opposite of the legislative intent of the quoted language. *See* Majority, ¶ 22.

[¶35] Subsection 12.1-32-15(2)(d), N.D.C.C., is structured like the other subsections of N.D.C.C. § 12.1-32-15. The first sentence of each subsection states the registration requirement. If there is an exception to the registration

requirement, the exception is stated in the second sentence. For example, subsection (2)(b) first states the registration requirement, "The court shall require an individual to register by stating this requirement on the court records, if that individual . . . Has pled guilty or nolo contendere to, or been found guilty as a sexual offender for, a misdemeanor or attempted misdemeanor." It then states the exception, "The court may deviate from requiring an individual to register if the court first finds . . . ." Correspondingly, section 12.1-32-15(2)(d) first states the registration requirement followed by a sentence stating the registration exception (including the exception to the registration exception).

[¶36] The term "except" generally means "unless," excluding, not including. *See American Heritage Dictionary* 618 (5th ed. 2018) (defining "except" to mean "With the exclusion of," "Unless," "To leave out; exclude"); *Webster's New World Dictionary* 223 (5th ed. 2016) (defining "except" to mean "to leave out or take out; exclude," "unless"); *New Oxford American Dictionary* 603 (3d ed. 2010) (defining "except" to mean "not including; other than," "unless"); *Merriam-Webster's Dictionary* 435 (11th ed. 2005) (defining "except" to mean "UNLESS," "with this exception"); *see also Garner, A Dictionary of Modern Legal Usage* 335 (2d ed. 1995) ("In DRAFTING, *unless* is preferable to *except as* when referring to a future action"). Thus, N.D.C.C. § 12.1-32-15(2)(d) provides the district court "may deviate from requiring an individual to register" if it makes certain findings, *unless* or *excluding when* "the offense is described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 and the person is not the parent of the victim[.]"

[¶37] It is undisputed the exception to the registration exception does not apply to Berkley; Berkley was not convicted of any of the statutes identified in N.D.C.C. § 12.1-32-15(2)(d) and is the parent of the victim. Thus, the court may "deviate" from requiring Berkley to register.

[¶38] I agree N.D.C.C. § 12.1-32-15(2)(d) may be ambiguous as to whether "the person is not the parent of the victim" applies to some or all the offenses listed

14

in N.D.C.C. § 12.1-32-15(2)(d). Majority, ¶ 15.[4] However, because the exception to the registration exception does not apply to Berkley, I do not believe this Court should address the ambiguity now.

[¶39] I would conclude N.D.C.C. § 12.1-32-15(2)(d) is unambiguous, reverse the criminal judgment, and remand for the district court to consider whether to deviate from requiring Berkley to register.

[¶40]  Daniel J. Crothers
      Douglas A. Bahr

---

[4] Because the language modifies the registration exception, not the registration requirement, the quoted language cannot be read to modify "a crime against a child or an attempted crime against a child."