# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 157

In the Interest of K.I.B., A Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellant |
| v. | |
| K.I.B., Child, | Respondent and Appellee |
| and | |
| C.W., Mother (deceased); A.I.B., Father; | |
| and A.I.B., Custodian, | Respondents |

### No. 20250060

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Jason J. Hammes, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Britta K. Joyce (argued) and Daniel A. Gulya (on brief), Assistant State's Attorneys, Bismarck, ND, for petitioner and appellant.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellee.

**Bahr, Justice.**

[¶1]   The State appeals the juvenile court's Amended Findings of Fact and Order for Disposition exempting K.I.B. from registration as a sexual offender. Because the court misapplied N.D.C.C. § 12.1-32-15(2)(a), we reverse and remand.

I

[¶2]   In June 2024, the juvenile court adjudicated K.I.B. delinquent for promoting a sexual performance by a minor in violation of N.D.C.C. § 12.1-27.2-04, possession of certain materials prohibited in violation of N.D.C.C. § 12.1-27.2-04.1, and giving false information to law enforcement in violation of N.D.C.C. § 12.1-11-03(1). In January 2025, the court held a hearing on whether K.I.B. is required to register as a sexual offender. The court held the language of N.D.C.C. § 12.1-32-15 "allows the court some discretion to presumably keep inappropriate or unjust registrations from occurring [in] juvenile adjudications when there is no evidence of a continued danger to the public." The court concluded K.I.B. was not required to register as a sexual offender based on its finding that K.I.B. had no prior offender offense and did not exhibit mental abnormality or predatory conduct in the commission of the offense.

II

[¶3]   K.I.B. asserts the State lacks standing to appeal the juvenile court's order because the State is not an aggrieved party.

[¶4]   "The right to appeal in this State is governed solely by statute." *Gum v. Muddy Boyz Drywall LLC*, 2025 ND 111, ¶ 4, 22 N.W.3d 720 (quoting *Sanderson v. Walsh Cnty.*, 2006 ND 83, ¶ 5, 712 N.W.2d 842). The State appealed under N.D.C.C. § 27-20.2-26. Section 27-20.2-26(1) provides: "An aggrieved party, including the state or a subdivision of the state, may appeal from a final order, judgment, or decree of the juvenile court to the Supreme Court by filing written notice of appeal within thirty days after entry of the order, judgment, or decree."

The plain language of section 27-20.2-26(1) includes the State as an aggrieved party.

[¶5]   In juvenile matters, this Court has defined an aggrieved party as "one who has some legal interest that may be enlarged or diminished by the appealed decision. The party's interest must be immediately, directly, and adversely affected, and an effect that is contingent or indirect, or that results merely in some possible, remote consequence, is insufficient." *Int. of A.P.*, 2023 ND 39, ¶ 8, 987 N.W.2d 345 (quoting *Cossette v. Cass Cnty. Joint Water Res. Dist.*, 2017 ND 120, ¶ 13, 894 N.W.2d 858).

[¶6]   The State has a legitimate public interest in requiring juvenile sexual offenders to register with law enforcement. The primary purpose of registration is to protect public safety and assist law enforcement in monitoring and preventing future offenses. *See In re L.T.*, 2011 ND 120, ¶ 21, 798 N.W.2d 657; *State v. Burr*, 1999 ND 143, ¶¶ 19, 36, 598 N.W.2d 147. The State's interest in protecting public safety through sex offender registration requirements constitutes a legal interest. This interest may be adversely affected by a juvenile court's ruling exempting an offender from registration obligations. A judicial determination that a sexual offender need not register may be viewed as undermining the State's ability to maintain comprehensive offender databases and implement public safety monitoring systems. The lack of offender registration may diminish the State's ability to execute its protective functions.

[¶7]   This Court has previously heard the State's appeals challenging juvenile courts' orders not requiring juveniles to register as a sexual offender. *See In re M.H.P.*, 2013 ND 61, ¶ 15, 830 N.W.2d 216 (addressing whether the determination M.H.P. "committed the delinquent act of gross sexual imposition required M.H.P. to register as a sexual offender"); *In re D.J.*, 2011 ND 142, ¶ 1, 800 N.W.2d 333 (appealing a juvenile court order adopting a judicial referee's decision exempting D.J. from registering as a sexual offender). The United States Supreme Court has stated, "While we are not bound by previous exercises of jurisdiction in cases in which our power to act was not questioned but was passed sub silentio, neither should we disregard the implications of an exercise

of judicial authority assumed to be proper[.]" *Brown Shoe Co. v. U.S.*, 370 U.S. 294, 307 (1962) (internal citations omitted).

[¶8] While this Court is not bound by its previous exercises of jurisdiction in similar cases, based on N.D.C.C. § 27-20.2-26(1)'s statutory language and the body of precedent, we have jurisdiction of the State's appeal in this case.

## III

[¶9] The State argues the juvenile court erred in concluding it has discretion under N.D.C.C. § 12.1-32-15 to deviate from requiring K.I.B. to register as a sexual offender.

[¶10] The legislature is the policy-making branch of government. *In re Mangelsen*, 2014 ND 31, ¶ 19, 843 N.W.2d 8 ("It is for the legislature, not the courts, to identify and determine the public policy of the state."); *Montana-Dakota Utils. Co. v. Johanneson*, 153 N.W.2d 414, 423 (N.D. 1967) ("As a part of the law-making power of the Legislative Assembly, it has the right to determine legislative policy."). "The policies which it adopts may be wise or otherwise, but it is not the prerogative of the courts to question the wisdom of the laws which the Legislature enacts." *Montana-Dakota Utils.*, at 423. "This Court's function is to interpret the statute as written by the legislature[.]" *In re Mangelsen*, ¶ 19.

[¶11] This Court reviews the juvenile court's interpretation of a statute de novo. *State v. Berkley*, 2025 ND 134, ¶ 5, 24 N.W.3d 69; *In re D.J.*, 2011 ND 142, ¶ 10; *see also Bang v. Cont'l Res., Inc.*, 2025 ND 131, ¶ 55, 23 N.W.3d 895 ("Statutory interpretation presents a question of law."). When interpreting a statute, our primary goal is to determine the legislature's intent. *Berkley*, ¶ 5; *In re D.J.*, ¶ 10. To determine the legislature's intent, we initially look to the language of the statute. *In re D.J.*, ¶ 10. We construe statutes as a whole, giving meaning and effect to every word, phrase, and sentence, and giving words in a statute their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. §§ 1-02-02, 1-02-07; *Berkley*, ¶ 5; *In re D.J.*, ¶ 10. We also consider the context of the statute and the purpose for which it was enacted. *Berkley*, ¶ 5.

3

[¶12] Registration as a sexual offender is governed by N.D.C.C. § 12.1-32-15. At the time of K.I.B.'s adjudication, section 12.1-32-15(2)[1] read, in relevant part:

> The court *shall impose*, in addition to any penalty provided by law, a requirement that the individual register . . . . The court *shall require* an individual to register by stating this requirement on the court records, if that individual:
>
> a.    Has pled guilty or nolo contendere to, or been found guilty as a *felonious sexual offender* or an attempted felonious sexual offender, *including juvenile delinquent adjudications of equivalent offenses unless the offense is listed in subdivision c.*
>
> . . . .
>
> c.    Is a juvenile found delinquent under subdivision d of subsection 1 of section 12.1-20-03, subdivision a of subsection 2 of section 12.1-20-03, or as a sexual offender for a misdemeanor. The court may deviate from requiring the juvenile to register if the court first finds the juvenile has not previously been convicted as a sexual offender or for a crime against a child, and the juvenile did not exhibit mental abnormality or predatory conduct in the commission of the offense.

(Emphasis added.)

[¶13] By its plain terms, N.D.C.C. § 12.1-32-15(2)(a) mandates ("shall impose," "shall require") the court require an individual to register as a sexual offender if the individual is adjudicated "as a felonious sexual offender," "including juvenile delinquent adjudications of equivalent offenses." The sole and limited

---

[1] Section 12.1-32-15, N.D.C.C., was amended effective July 1, 2025 and August 1, 2025. 2025 N.D. Sess. Laws ch. 64, § 2; 2025 N.D. Sess. Laws ch. 302, § 8. Throughout this opinion, we refer to and quote the version of section 12.1-32-15 effective prior to July 1, 2025. As amended effective July 1, 2025, section 12.1-32-15(2)(a) reads, "Has pled guilty or nolo contendere to, or been found guilty as a felonious sexual offender or an attempted felonious sexual offender." The amendments effective July 1, 2025 delete the section 12.1-32-15(2)(c) quoted in this opinion and add section 12.1-32-15(2)(e) regarding a child "adjudicated delinquent of an offense which would classify the child as a sexual offender[.]".

exception to the registration requirement under section 12.1-32-15(2)(a) is when "the offense is listed in subdivision c." The court "shall" require an individual to register "unless," meaning except if, the offense is listed in subdivision c. *See American Heritage Dictionary* 1896 (5th ed. 2018) (defining "unless" to mean "Except on the condition that; except under the circumstances that"); *Webster's New World Dictionary* 692 (5th ed. 2016) (defining "unless" to mean "except if; except that"); *New Oxford American Dictionary* 1893 (3d ed. 2010) (defining "unless" to mean "except if"); *Merriam-Webster's Dictionary* 1370 (11th ed. 2005) (defining "unless" to mean "except on the condition that: under any other circumstance than"); *see also Berkley*, 2025 ND 134, ¶ 14 (referring to "*except if* (or unless)").

[¶14] Section 12.1-32-15(1)(g), N.D.C.C., defines a sexual offender as "a person who has pled guilty to or been found guilty, *including juvenile delinquent adjudications*, of a violation of . . . chapter 12.1-27.2[.]" (Emphasis added.) The juvenile court adjudicated K.I.B. delinquent under N.D.C.C. §§ 12.1-27.2-04 and 12.1-27-04.1, which are felonies. Thus, K.I.B. is a felonious sexual offender, meaning N.D.C.C. § 12.1-32-15(2)(a) applies to K.I.B.'s disposition.

[¶15] Under N.D.C.C. § 12.1-32-15(2)(a), the juvenile court must require K.I.B. to register "unless" his adjudicated offenses are listed in section 12.1-32-15(2)(c). The offenses listed in section 12.1-32-15(2)(c) are N.D.C.C. § 12.1-20-03(1)(d) and (2)(a). The juvenile court did not adjudicate K.I.B. delinquent under section 12.1-20-03. Thus, section 12.1-32-15(2)(a)'s limited exception to mandatory registration does not apply to K.I.B.

[¶16] Section 12.1-32-15(2)(a), N.D.C.C., mandates a court require an individual to register as a sexual offender if the individual is adjudicated "as a felonious sexual offender," except when the offense is listed in section 12.1-32-15(2)(c). The juvenile court did not adjudicate K.I.B. delinquent under the offenses listed in section 12.1-32-15(2)(c), meaning the court did not have discretion to deviate from requiring K.I.B. to register as a sexual offender. The juvenile court misapplied the law and abused its discretion in not requiring K.I.B. to register as a sexual offender.

## IV

[¶17] K.I.B. argues this Court cannot require K.I.B. to register as a sexual offender because doing so would increase K.I.B.'s punishment, which is prohibited under N.D.C.C. § 29-28-35.

[¶18] Title 29 of the North Dakota Century Code, titled Judicial Procedure, Criminal, applies to judicial procedures in criminal cases. The juvenile court is not a criminal court. *See State v. Overby*, 209 N.W. 552, 555 (N.D. 1926) ("The juvenile court is not a criminal court; and it is the purpose of the law to treat juvenile offenders under 18 years of age not as criminals, but, as far as practicable, . . . to save them from the stigma attaching to crime, to guard and protect them against themselves, and all evil-minded persons."); *cf. In Int. of M.D.N.*, 493 N.W.2d 680, 682 (N.D. 1992) ("Relinquishing juvenile court jurisdiction over young offenders to an adult criminal court represents a choice between sentencing in rehabilitative juvenile courts or sentencing in essentially punitive adult criminal courts."). Chapter 27-20.2 of the North Dakota Century Code, the Juvenile Court Act, applies to procedures in juvenile cases.

[¶19] Appealability in juvenile cases is controlled by N.D.C.C. § 27-20.2-26. Section 29-28-35, N.D.C.C., applies to appeals of criminal judgments and is not applicable in the juvenile context.

## V

[¶20] The juvenile court misapplied N.D.C.C. § 12.1-32-15. We reverse the court's Amended Findings of Fact and Order for Disposition and remand to the court to enter judgment consistent with this opinion.

[¶21] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr