# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 233

State of North Dakota,

Plaintiff and Appellee

v.

Niko Solis,

Defendant and Appellant

## No. 20250247

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Christopher Nelson, Assistant State's Attorney, Minot, ND, for plaintiff and appellee; submitted on brief.

Kyle R. Craig, Minot, ND, for defendant and appellant; submitted on brief.

## State v. Solis
## No. 20250247

**Crothers, Justice.**

[¶1]   Niko Solis appeals from a criminal judgment entered after he pleaded guilty to the charge of indecent exposure. Solis argues the district court abused its discretion by requiring him to register as a sex offender. We affirm the criminal judgment.

### I

[¶2]   Solis was charged with indecent exposure, a class A misdemeanor, under N.D.C.C. § 12.1-20-12.1(1)(a). Solis entered a guilty plea to the charge. The State requested Solis be required to register as a sex offender. Solis argued the district court should deviate from the registration requirement under N.D.C.C. § 12.1-32-15(2)(b). The court sentenced Solis to 360 days' imprisonment with all but 1 day suspended, for 2 years of supervised probation, and ordered him to register as a sex offender under N.D.C.C. § 12.1-32-15(2)(b). Solis appeals.

### II

[¶3]   Solis argues the district court abused its discretion by requiring him to register as a sex offender.

[¶4]   "This Court reviews a district court's permissive decisions under the abuse of discretion standard." *State v. Watts*, 2023 ND 47, ¶ 26, 988 N.W.2d 254. "A district court abuses its discretion when it acts arbitrarily, capriciously or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or it misapplies or misinterprets the law." *Id.* (citation omitted).

[¶5] The district court required Solis to register as a sex offender under N.D.C.C. § 12.1-32-15(2)(b) (2022)[1], which provides:

> The court shall impose, in addition to any penalty provided by law, a requirement that the individual register, within three days of coming into a county in which the individual resides, is homeless, or within the period identified in this section that the individual becomes temporarily domiciled. . . . The court shall require an individual to register by stating this requirement on the court records, if that individual:
>
> > . . . .
> >
> > b. Has pled guilty or nolo contendere to, or been found guilty as a sexual offender for, a misdemeanor or attempted misdemeanor. The court may deviate from requiring an individual to register if the court first finds the individual is no more than three years older than the victim if the victim is a minor, the individual has not previously been convicted as a sexual offender or of a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

"A 'sexual offender' is defined as a person who has pled guilty to indecent exposure. *See* N.D.C.C. § 12.1-32-15(1)(e)." *State v. Glaser*, 2015 ND 31, ¶ 8, 858 N.W.2d 920.

[¶6] "Subsection 2 of section 12.1-32-15, N.D.C.C., requires the district court to order registration in some cases and in other cases gives the district court the discretion to deviate from requiring registration after making specified findings." *State v. Berkley*, 2025 ND 134, ¶ 9, 24 N.W.3d 69 (quoting *State v. Humann*, 2011 ND 237, ¶ 5, 807 N.W.2d 609). "State law requires individuals who plead guilty to misdemeanor sexual offense crimes to register as sex offenders.

---

[1] The conduct occurred on April 16, 2025, the citation was filed on April 17, 2025, and the change of plea and sentencing occurred on June 26, 2025. Section 12.1-32-15, N.D.C.C., was amended effective July 1, 2025 and August 1, 2025. 2025 N.D. Sess. Laws ch. 302, § 8; 2025 N.D. Sess. Laws ch. 64, § 2. The relevant portions of N.D.C.C. § 12.1-32-15(2)(b) remained unchanged.

*See* N.D.C.C. § 12.1-32-15(2)(b)." *Glaser*, 2015 ND 31, ¶ 8. The first sentence of subsection (2)(b) establishes the general rule, namely that a misdemeanor conviction of indecent exposure "shall require" registration. N.D.C.C. § 12.1-32-15(2)(b); *Berkley*, ¶ 9. "This Court has determined 'shall' creates a duty." *Watts*, 2023 ND 47, ¶ 25; *Glaser*, 2015 ND 31, ¶ 18; *see also Interest of K.I.B.*, 2025 ND 157, ¶ 13, 26 N.W.3d 117 (explaining "shall require" in N.D.C.C. § 12.1-32-15 mandates the court require an individual to register as a sexual offender).

[¶7]   The second sentence of subsection (2)(b) allows for deviation from the general rule. "The word 'may' implies permissive, optional or discretional, and not mandatory action or conduct." *Watts*, 2023 ND 47, ¶ 25 (cleaned up). "This Court has held the word 'may' in a statute is merely permissive, it does not require action, and it operates simply to confer discretion." *Glaser*, 2015 ND 31, ¶ 18. Under N.D.C.C. § 12.1-32-15(2)(b), the court *may* deviate from requiring an individual to register if the court first finds:

> (1) the individual is no more than three years older than the victim if the victim is a minor, (2) the individual has not previously been convicted as a sexual offender or of a crime against a child, and (3) the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

*Watts*, ¶ 25.

[¶8]   Solis argues (1) no victim exists here, (2) he does not have prior convictions as a sexual offender, and (3) the evidence does not show he has a mental abnormality or engaged in predatory conduct. He argues the district court erred by imposing the registration requirement without first making findings on these three criteria. He argues the district court abused its discretion by requiring him to register because the facts in his case satisfy all three criteria for deviation. Solis misapprehends the statute.

[¶9]   "[T]he word 'may' does not create [] a duty." *Glaser*, 2015 ND 31, ¶ 18. Factual satisfaction of the criteria "gives the district court the discretion to deviate from requiring registration[.]" *Berkley*, 2025 ND 134, ¶ 9. Satisfaction of the criteria for deviation does not create a duty for the court to deviate from

3

registration. The court must make findings on the criteria only if it first exercises its discretion to deviate from the registration requirement. The court is not required to make the specified findings if it does not exercise its discretion to deviate from the registration requirement. The court did not misapply or misinterpret the law.

[¶10] Regarding deviation, the district court found:

> Okay. If you are required to register as a sex offender, you have some pretty strict requirements over the next 15 years. [Your attorney] is right that this is a situation where the Court can deviate, because it's not a felony. A couple of things are in your favor. Number 1, you're accepting responsibility. Number 2, you do not have a criminal history. So those are good things.
>     The bad thing is the action that brought us here today. Again, this happened to be steps outside of the courthouse, which is right across the street from a school. Full disclosure, I happen to have kids at that school—not this past year, so I don't believe that that creates any problem. But as a member of society, that's disturbing.
>     So why is it you believe it's appropriate that we should not have that registration component?

Solis responded, "I don't think I should have to. I mean, it was an accident. It won't happen again." The court asked, "I'm a little confused myself at how masturbation in public is an accident, so I don't know how one reaches that conclusion." Solis clarified, "Okay. It was a mistake, and it won't happen again." The court required Solis to register as a sex offender, explaining, "I'm troubled by the 'accidental' masturbation component, so I'm not going to deviate from the registration requirement."

[¶11] The district court explained why it did not deviate from the registration requirement. In doing so, the court did not act arbitrarily, capriciously or unreasonably. The court's decision was the product of a rational mental process leading to a reasoned determination. The district court did not abuse its discretion by requiring Solis to register as a sex offender.

## III

[¶12] We affirm the criminal judgment.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr